(103 N. W. 609.)

---

Martin Martinson v. George Marzolf and Millie Marzolf.

Opinion filed May 31, 1905.

**Judgment By Default — Notice.**

1. A judgment taken by default, without notice, in an action for equitable relief, after the defendant had appeared, is irregular, but is not void.

**Answer to Amended Complaint — Default.**

2. Where, after an answer has been served, the complaint is amended, but the amendment is merely formal, and does not make any substantial change in the facts alleged as grounds for relief, it is not necessary to serve another answer, and the defendant is not in default for failure to do so.

**Homestead Filing — Possession not Granted by Injunction Although Defendant Is Insolvent.**

3. Where the plaintiff claims the right to possession of land under a homestead filing, and the land is in the actual adverse possession of the defendants, he cannot resort to equity to recover possession by means of an injunction, even though the defendants are insolvent.

**Vacating Temporary Injunction Superseded by Judgment — Irregular Judgment.**

4. Where a temporary injunction pending the action had been ordered, and the injunction had been superseded by a judgment which was irregular, but not void, a motion to vacate the injunction was ineffectual, unless it was coupled with a motion to vacate the judgment for irregularity.

**Vacating Judgment for Irregularity — Lapse of Time.**

5. A motion to vacate a judgment for irregularity may be heard and granted, even though more than one year has elapsed since notice of the entry of judgment.

**Vacating Irregular Judgment — Discretion — Waiver of Irregularity.**

6. In granting or denying a motion to vacate a judgment for irregularity, the court exercises a discretion governed by equitable principles; and the relief will not be granted if the moving party has, by conduct or otherwise, waived the irregularity, or if his conduct has been such as to render it inequitable to grant relief.

# 302      14 NORTH DAKOTA REPORTS

**Homestead Contest — Effect of Executive Department's Decision Upon Courts.**

> 7. While this action was pending there was a contest in progress before the federal land office between the same parties, involving the validity of the conflicting homestead filings, under which the respective parties claimed the right to occupy the land. The contest had resulted in a decision by the secretary of the interior in favor of defendants, but there was a petition for reveiw of that decision still pending and undetermined. *Held,* that if the petition for review resulted in a decision for plaintiff, the judgment should not be vacated, except as to costs, but, if the secretary affirmed the decision under review, then the judgment ought to be vacated.

Appeal from District Court, McLean county; *Winchester, J.*

Action by Martin Martinson against George Marzolf and Millie Marzolf. Judgment for defendants, and plaintiff appeals.

Reversed.

*Hanchett & Wartner,* for appellant.

Equity will protect entryman's possession by injunction. Reaves v. Oliver, 41 Pac. 353. Injunction can only be dissolved at any time before trial, not after judgment is entered. Rev. Codes 1899, section 5350. The decision of the Department of the Interior, allowing a homestead entry upon public lands, is binding upon the courts. Reservation State Bank v. Holst, 95 N. W. 931.

State and territorial courts have no jurisdiction to litigate the title to a homestead entry; such jurisdiction belongs to the land department of the federal government. But a homesteader's right to possession during the life of such entry will be protected by the courts. Sproat v. Durland, 35 Pac. 682.

A homestead entry being a purely equitable interest, and not a legal title, equity will protect the possession, use and occupancy by injunction. Sproat v. Durland, 35 Pac. 682; Reaves v. Oliver, 41 Pac. 353; Calhoun v. McCornack, 54 Pac. 497.

Preliminary injunction is merged in a final judgment, and liability upon preliminary injunction bond ceases when such judgment becomes final. Webber v. Wilcox, 45 Cal. 301; Lambert v. Haskell, 80 Cal. 611, 22 Pac. 327.

A perpetual injunction is coterminous with the life of the homestead entry and has no force or effect upon the cancellation thereof. Shinn v. Young, 57 Cal. 525.

*Gooler & Goer,* for respondents.

The court could modify and dissolve a temporary injunction. Mayne v. Griswold, 3 Sandf. 484; Bertine v. Varian, 1 Edg. Ch. 343, 6 N. Y. Ch. L. Ed. 165; Morgan v. Tener, 83 Pa. 305; Mfgs. Nat. Bank v. Perry, 3 New Eng. 927, 144 Mass. 313, 11 N. E. 81.

The court could do no more than issue a temporary restraining order to protect rights previously determined. Forbes v. Driscoll, 31 N. W. 633.

By an injunctional order defendants were deprived of their property and restrained from entering thereon. Such order was void. Forman v. Healy, 11 N. D. 563, 93 N. W. 866; Dickson v. Dowe, 11 N. D. 404, 92 N. W. 797.

The court below had no jurisdiction to enter the judgment that was rendered in the case at bar. Grandin v. LeBar, 3 N. D. 446, 57 N. W. 241; Adams v. Couch, 26 Pa. 1009; Commager v. Dix, 28 Pa. 864; Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800; Johnson v. Towsley, 80 U. S. 72, 13 Wal. 72, 20 L. Ed. 485; Shepley v. Cowan, 91 U. S. 330, 23 L. Ed. 424; Empey v. Plugert, 64 Wis. 603, 25 N. W. 560.

The court had jurisdiction to maintain by injunction the statu quo until the land department had determined the right to the land in controversy. Wood v. Murray, 52 N. W. 356; Caldwell v. Robinson, 59 Fed. 653; Coldwell v. Smith, 1 Wash. 92; Woodsides v. Rickey, 1 Ore. 108; McQuiston v. Walton, 69 Pa. 1048; Mathews v. O'Brien, 84 Minn. 505, 88 N. W. 12; Hastay v. Bonness, 84 Minn. 120, 86 N. W. 896; Fulmele v. Camp, 20 Col. 495; Atherton v. Fowler, 96 U. S. 513, 24 L. Ed. 732; Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800.

Courts have no jurisdiction as long as title remains in the general government, and will not enforce a contract for sale of growing timber upon the land involved. Sims v. Morrison, 100 N. W. 88.

ENGERUD, J. In November, 1901, the plaintiff made application at the United States land office at Devils Lake to enter the land in question as a homestead. The application was accepted, and in the following May the plaintiff attempted to take possession of the land under such homestead claim. The defendants (husband and wife) were in possession of the land, living upon it and farming it. They had ninety acres planted to crop. They

refused to yield possession, and forcibly resisted plaintiff's attempts to obtain possession. The plaintiff thereupon commenced this action in June, 1902. The original complaint purported to set forth two causes of action. The first stated merely a cause of action at law for the recovery of the possession of the land, basing the plaintiff's right upon his homestead filing, and concluding with a prayer appropriate to such an action. The second cause realleges the allegations of the first and further alleges that there were ninety acres of growing crops on the land, which the defendants threatened and intended to harvest and remove for their own use; that the defendants were attempting and threatening to destroy a house plaintiff had erected on the premises, and were also threatening to resist with violence any attempt by plaintiff to enter or live on the land. It was further alleged that the defendants were insolvent, and that their acts were such as to cause the plaintiff irreparable damage, and to jeopardize his right to hold the land under the federal homestead laws. This second cause of action concludes with a prayer for judgment "perpetually restraining and enjoining the defendants, and each of them," etc., "from further trespassing upon plaintiff's said premises, and from in any manner interfering with or disturbing plaintiff, or any dwelling house which he has or may hereafter erect upon said premises, and from interfering with the growing crop on said premises, or harvesting, cutting or removing same therefrom." On this complaint, supported by the affidavits of the plaintiff and others, the plaintiff applied for and obtained from the district court an injunctional order prohibiting the defendants, and each of them, during the pendency of the action, from doing any of the acts which the plaintiff in his prayer for judgment sought to have perpetually enjoined. This order was applied for upon notice. The hearing was had July 2, 1902, but the order is dated September 5, 1902. The defendants appeared in the action by their attorney, Geo. P. Gibson, and served an answer which put plaintiff's alleged right to possession in issue, and set forth that the defendants had been in the possession of the land, living upon it and farming it, for several years, claiming it under the homestead laws of the United States, and that a contest concerning it was then pending. This answer was served July 2, 1902. On the same day the plaintiff's attorney served upon defendants' counsel an amended complaint. The only change effected by the amendment was to state substantially the same facts as the original complaint in one cause of

action, instead of two. The prayer for judgment was substantially unchanged, except that, instead of demanding a judgment for the recovery of possession, as in the first cause of action in the original complaint, there was added to the former prayer for equitable relief a prayer for a "mandatory injunction requiring and compelling the defendants, and each of them," etc., "to remove from said premises, and deliver possession of the same, and the whole thereof, to plaintiff." On November 12 1902, one of plaintiff's attorneys made an affidavit "that the above-entitled action was commenced by the service of a summons and complaint upon each of the defendants; that to said complaint the defendants answered; that thereafter, on the 2d day of July, 1902, the plaintiff served his amended complaint upon each of the defendants; that the defendants nor either of them has appeared, answered or demurred to said amended complaint, or in any manner appeared in opposition thereto, nor have the plaintiff's attorneys, or either of them, been served with an answer or demurrer in said action, nor have the defendants appeared in any manner in opposition to said complaint; that more than thirty days have elapsed since the service of said amended complaint." On the same day, without notice, the plaintiff's attorneys applied to the court to submit proof in support of the amended complaint, and for an order for judgment by default. The application was granted by an order as follows: "The above-entitled case having been commenced by the service of a summons and complaint on the defendants, and each of them, and by the service of an amended complaint on the 2d day of July, 1902, and the plaintiff having filed his affidavit with the clerk of this court that no answer, demurrer or appearance has been made in opposition to his amended complaint, and having moved in open court to be allowed to prove his case, and the defendants' counsel, George P. Gibson, being present and having stated that he did not appear any further in the case, and thereby having made default, and the case being a proper case for the court to decide, and the plaintiff having offered in open court his evidence, and after hearing Hanchett & Wartner for the plaintiff, and the court being fully advised in the premises, and having fully determined the same, now, on motion of Hanchett & Wartner, attorneys for the plaintiff, it is ordered that judgment be entered herein as follows: (1) That the injunctional order granted herein pending this action, bearing date the 3d day of September, 1902, be, and it is in all things ratified and affirmed. (2) That the defendants,

14 Sup. Ct.—20

George Marzolf and Millie Marzolf, and their agents, servants and employes, be, and they are hereby, perpetually enjoined and restrained from farther trespassing upon the premises described in the complaint in this action, to wit, the south half of the southeast quarter of section two, and the south half of the southwest quarter of section one, in township one hundred forty-nine north, of range seventy-four west, in McLean county, state of North Dakota, and from in any manner interfering with or disturbing Martin Martinson, or any dwelling house which he has or may hereafter erect upon said premises. (3) That the defendants, George Marzolf and Millie Marzolf, with their agents, servants and employes, remove from and vacate said premises, and deliver the possession thereof, and the whole thereof, to the plaintiff, Martin Martinson. (4) That the plaintiff recover from the defendants, and each of them, his costs and disbursements in this action, to be taxed by the clerk. Let judgment be entered accordingly, and execution issued thereon to enforce the provisions of the same." Judgment was entered in accordance with this order on March 17, 1903. The abstract recites that notice of the entry of this judgment was given defendants March 28, 1903, but we find nothing in the record warranting that statement.

On July 21, 1904, the defendants, by their present counsel, served upon plaintiff's attorneys a notice of application to the court for an order to "vacate and set aside the injunction now existing" in said action. The evidence submitted in support of the application shows that, before the action was commenced, Marzolf had instituted a contest in the United States land office against Martinson's entry on the ground that the latter's entry was improperly allowed, and should be canceled, because the land at the time that entry was filed was occupied as his homestead by Marzolf, and had been so occupied since 1898 by virtue of a homestead entry which had been erroneously canceled, without Marzolf's knowledge; that that contest had been pending in the land office since June 6, 1902, and had resulted in a decision by the secretary of the interior, of date June 15, 1904, canceling Martinson's entry, and reinstating the entry of Marzolf. In opposition to the motion, the plaintiff's attorney presented an affidavit showing that the decision of the secretary of the interior was not final, because a petition for review of that decision had been presented, and was still undetermined. It was also urged that the motion came too late, because more than one year had elapsed since notice to the de-

fendants of the entry of the judgment in the action. The affidavit, however, does not set forth any evidentiary facts to support the affiant's conclusion that the defendants had notice of the entry of judgment. On August 5, 1904, the district court ordered "that said injunction be, and the same is hereby, in all things dissolved, as against the defendants, and each of them, and that the defendants have and recover costs of this motion, taxed at $20, and that the undertaking upon such injunction be and remain in full force and effect, and amenable to the defendants, as provided in the same." The plaintiff appealed from this order.

It is very clear that the injunctional order was improvidently granted, and that the complaint showed no cause of action justifying equitable relief. There was an ample remedy by an action at law to recover possession, and damages for the withholding thereof, if the plaintiff was wrongfully excluded from the land. The mere fact that the defendants were insolvent, and that the plaintiff might not be able to collect his damages, is no sufficient reason for the interference of a court of equity in a controversy which involves only the right to possession. Poverty should not deprive an adverse occupant of the right to defend his possession, and have his defense heard and determined in the ordinary way. We do not think that it could be seriously contended that the inability of the entryman to make settlement on the land within six months after his filing would jeopardize his entry, where he is prevented from taking possession through no fault of his own, and hence the alleged jeopardy to his homestead right was no ground for resorting to an injunction as a means of securing possession. The impropriety of the whole proceeding is still more glaring in view of the fact, not disclosed by the moving papers upon which the injunction was obtained, that when the action was commenced a contest was pending in the federal land department, directly involving the validity of the conflicting claims of the parties to this lawsuit. We have no hesitation in saying that the injunctional order would never have been granted, had the action been properly defended, and it would have been a proper exercise of discretion for the trial court to set the same aside, had application been properly made in due season.

In this case final judgment was entered on March 17, 1903. Unless that judgment was void, the order was merged in and superseded thereby. For the reasons hereinbefore stated, that judgment was erroneous in substance, in so far as it granted equitable re-

lief; and in that respect it was subject to reversal on appeal, but was not invalid or even irregular on that account. State v. Donovan, 10 N. D. 203, 86 N. W. 709.

It was also improperly rendered, for two reasons: First, the defendants were not in default; second, because it was ordered on an ex parte application of the plaintiff, without notice to the defendants. The defendants were not in default by failing to serve a new answer after the complaint was amended. The amendment was merely formal, and did not make any substantial change in the allegations of the facts which plaintiff claimed entitled him to relief. Those facts had already been put in issue by the answer, and it was not necessary to repeat the denials of those facts, or renew the allegations of defensive matter by serving a new answer. Enc. Pl. & Pr. vol. 1, p. 628, and cases cited.

But even if the defendants were in default, the plaintiff's position is little better. The defendants had appeared in the action, and were entitled to eight days' notice of the application for judgment. Rev. Codes 1899, section 5413, subdivision 2. The fact that Mr. Gibson, who had been defendants' attorney of record, happened to be present in court when the application was made, is of no consequence. He was not there pursuant to notice, nor was he there in the capacity of attorney for defendants. He expressly disclaimed any authority to act in that capacity, and hence his acquiescence could not be construed as a waiver of notice, or a consent to judgment by default. His withdrawal from the case did not withdraw the answer. Nichells v. Nichells, 5 N. D. 125, 64 N. W. 73, 33 L. R. A. 515, 57 Am. St. Rep. 540. The judgment by default was unwarranted, but it cannot be said to be a nullity, and hence be disregarded. The judgment was rendered and entered pursuant to the order of the district court, which at the time had complete jurisdiction of the parties and subject-matter of the action. Such a judgment is not void, but is irregular, and must be dealt with as a valid judgment until vacated by direct proceedings. Salter v. Hilgen, 40 Wis. 363; Freeman on Judgments, c. 8. The moving party has not asked, nor has the court ordered, that the judgments be set aside. It might be said that the injunction is embodied in the judgment, and that the order vacates the judgment pro tanto. That argument, however, involves us in the absurdity of allowing the judgment to stand as a conclusive adjudication that the plaintiff was entitled to the possession of the premises from the time of the commencement

of the action, and that the defendants were trespassers, and yet in form, at least, declare the plaintiff liable on the injunction bond for having ousted them. The proper procedure was either to appeal from the judgment, if the time for that remedy had not expired, or to seek relief from the judgment, or both the judgment and order, by motion to vacate.

Appellant contends that both these remedies have been lost, because more than one year has elapsed since notice of the entry of judgment. As stated before, the record furnishes no evidence that the defendants had notice. The bare statement of that fact in the counsel's affidavit is not evidence. It is a mere conclusion. The time for appeal does not expire until the expiration of one year after written notice of the entry of judgment. Rev. Codes 1899, section 5605. The year within which to move for relief under section 5298, Rev. Codes 1899, by reason of the moving party's mistake, inadvertence, surprise or excusable neglect, begins to run from the date of actual notice. Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581. A motion to vacate a judgment for irregularity such as exists in this case does not come under that section. That section limits the time within which a party may apply for relief from a judgment, order or other proceeding taken against him by reason of some default of his own. It does not apply to cases not in that category. Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748; Garr, Scott & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867; Enc. Pl. & Pr. vol. 15, p. 266. The power to vacate or modify its judgments, orders and proceedings for the reason stated in section 5298, or for irregularity, or any other proper reason, is inherent in every court of record. In those jurisdictions where the functions of the court can be exercised only in term time, its power and control over its judgment ceased, in general, with the term at which the judgment was rendered. There are many exceptions to that general rule, and it is unnecessary to determine whether this case presents such an exception or not. In this state there are no terms of the district court, in the common-law sense of that word. The district court is always open, and its functions are exercised by a single judge, whose every act as a judge is deemed to be the act of the court. Rev. Codes 1899, section 5176, 5178. There are times and places fixed by law for the trial of cases, and no issue of fact can be forced to trial except at such times and places. These sessions for the trial of cases are called "terms," but that word, as applied to the sessions of

the district courts of this state, has lost its common-law meaning. It follows that the district court can exercise its inherent power to grant relief, on motion, from an irregular judgment or order, at any time, unless the time for so doing has been limited by law. We can find no statute limiting the time within which the district court may relieve from a judgment irregularly entered. It is therefore merely a question of whether or not, in the exercise of sound discretion, the relief ought to be granted, having due regard for the rights of all persons that may be affected by the proposed action. In granting relief of that nature, the court is governed to some extent by equitable principles. In this case the defendants were deprived of a trial of the issues by the improper entry of a judgment. Ordinarily they would have the right to have the same set aside, so as to leave the action at issue without showing merits, provided they had not waived or lost that right by conduct on their part rendering it inequitable to grant relief. Enc. Pl. & Pr. vol. 15, p. 241; Id. p. 278; Black on Judgments, sections 307, 326a. In this case the question upon which the right to the possession of this land depends is in contest before the federal land department. The decision of that tribunal is conclusive on the question of the rights of these contesting entrymen. If the secretary of the interior shall finally adhere to the decision now before him for review, then it follows that Marzolf has been wrongfully deprived of the use of the land by the order and judgment in this action, and they ought to be vacated.. On the other hand, if Martinson shall ultimately prevail, and his entry be held valid, then, although the order was improvident, and the judgment erroneous and irregular, yet no actual wrong has been done to Marzolf, and there would be no good reason to disturb the judgment, except as to the provisions for the recovery of costs.

The order appealed from will be reversed, without costs to either party, and the cause remanded to the district court, with leave to the defendants to take such further proceedings for relief from the judgment or order as they may be advised. All concur.