J. A. ROBINSON v. P. CONNOLE, J. F. Connole, T. J. Connole, P. J. Doughtery and Andy Johnson, Copartners Doing Business under the Firm Name and Style of Johnson-Connole Company.

(151 N. W. 33.)

**Default judgment — application to reopen — relief from — evidence — neglect.**
Defendant made application to the county court under § 7483, Comp. Laws 1913, to be relieved from a default judgment. Evidence examined and shows that the defendant was not guilty of any neglect, and that the application to reopen the judgment was properly allowed.

Opinion filed January 29, 1915. Rehearing denied February 20, 1915.

Appeal from the County Court of Renville County, *Crewe,* J. Affirmed.

*Henry G. Middaugh* and *Rolio F. Hunt,* of Devils Lake North Dakota, for appellant.

*Grace & Bryans,* of Mohall, North Dakota, for respondents.

BURKE, J. Plaintiff brought suit in a county court with increased jurisdiction, asking $273 damages for wrongful discharge by the defendant as manager of their general implement business at Sherwood, North Dakota. The summons and complaint were personally served upon the defendants, who thereupon employed the firm of Greenleaf, Radford, & Nash, of Minot, to attend to the case for them. Under the practice in county courts an answer must be interposed within ten days, which period said attorneys deemed insufficient, and thereupon telephoned to the attorneys for plaintiff requesting an extension of a few days, which request was granted. After waiting until about the

sixtieth day, no answer being interposed, judgment was entered by default. Some three months later execution was issued and a levy made under the judgment, and shortly thereafter the firm of Grace & Bryans, of Mohall, North Dakota, made application to the county court for permission to reopen the judgment and file an answer under § 7483, Comp. Laws 1913, which relief was granted. Plaintiff appeals from such order. This court has passed upon this section a great many times, as will be seen from the annotations to the section of the Code above mentioned, and the law has been thereby pretty well settled. It is conceded, we think, that the defendant must excuse his neglect to the satisfaction of the trial court, and that said trial court has a wide discretion, which should not be disturbed excepting for abuse. Taking up the facts in the case at bar, we find that the defendants immediately employed reputable attorneys to look after the case, but that the contract under which plaintiff had been employed by the defendants could not be found, and that in order to give the defendants time to search therefor, said attorneys communicated with the attorneys for the plaintiff and obtained an extension of time within which an answer might be interposed. Defendant Connole excuses his default in an affidavit wherein, among other things, he states that his "attorneys informed him that they would look after the same and attend to putting in an answer in the case. . . . That affiant at no time had any information or knowledge that judgment had been taken against him, . . . until after the 24th of April, 1913, when the sheriff . . . came out to their place of business to levy under an execution that had been issued upon such judgment, and that he then took the matter up with his attorneys. . . . That this affiant at all times thought that his attorneys had answered in the case and were looking after the case." Those statements are in no manner contradicted and must be taken as true. The only affidavits that were offered in opposition were made by the attorneys for the plaintiff, one of whom deposed as follows: "At or about the time of the expiration of the time for answering in the above-entitled action, a gentleman called me on the telephone, whom I recognized as D. C. Greenleaf, of Minot, North Dakota; he referred to the above-named case and said he represented the defendants, and asked if it would make any difference if he delayed putting in an answer for three or four days, as he wished time

to look up a little documentary evidence. I replied that that would be satisfactory to us." His partner, the other attorney for plaintiff, deposes: "As nearly as I can recollect, I heard someone call Mr. Middaugh on the telephone in our office and heard him converse briefly regarding this case. I gathered from the conversation that I heard, that someone had asked him for a few days' extension of time in which to interpose an answer; that about two weeks after that, Mr. Middaugh left the office and did not return until the 25th of April. In his absence, after waiting until February 15 for the defendants to interpose an answer, and not being able to recollect the name of the attorney who had called him on the telephone, and supposing that the defendants had abandoned the case and decided to let it go by default, I prepared the papers for the entry of judgment. . . ." The summons and complaint were served on December 12, 1912, and on February 15, 1913, the default judgment was entered. No notice of the time and place of the damages was given to the defendant, or the attorney who had appeared for him and obtained the extension of time to answer, and apparently the judgment was rendered without the introduction of any evidence whatever. While no written notice of appearance was served in the case at bar, still the plaintiff's attorneys concededly recognized the appearance of Mr. Greenleaf, and stipulated with him for an extension of time to answer, and under the circumstances notice should have been served upon him of the time and place of assessment of damages. Section 7600, Comp. Laws. See also Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937. It is conceded that the order appealed from must stand unless the trial court clearly abused its discretion. Under the circumstances in this case this cannot be said, and the order is accordingly affirmed.