## JAMES ARTHUR v. HENRY B. SCHAFFNER.

### (152 N. W. 123.)

**Default judgment — entry of — notice of — application to reopen — judgment not void — relief — laches.**

Defendant had actual knowledge in 1908 that judgment had been entered by default against him in 1907. After a futile attempt to reopen such judgment under § 7483, Comp. Laws 1913, he applied to trial court to have the judgment set aside for irregularities in its entry, such application being made in 1913. It is not claimed that the judgment is void. *Held*, that defendant's inexcusable laches justified the trial court in denying the relief. ·

Opinion filed March 16, 1915.

Appeal from the District Court of Morton County; *Nuchols*, J. Affirmed.

*F. E. McCurdy*, for appellant.

A motion to vacate a judgment for irregularity does not come under § 6884 of the Codes 1905, and may be made at any time within the time fixed by the court. The statute does not limit the time in which such an application may be made. Martinson v. Marzolf, 14 N. D. 309, 103 N. W. 937; Naderhoff v. George Benz & Sons, 25 N. D. 165, 47 L.R.A.(N.S.) 853, 141 N. W. 501.

*Oliver Leverson, J. W. McCormick,* of counsel, for respondent.

The judgment of a court of general jurisdiction, and the record thereof, are presumed to be regular. That no proof was offered of the plaintiff's claim, at the time of the entry of judgment, is no sufficient reason for attacking a judgment regular in all respects so far as the record shows. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937.

An erroneous judgment may be of full force and effect until reversed. Black, Judgm. §§ 170, 328.

Even if it does not affirmatively appear upon the judgment roll that the court had jurisdiction, yet such will be conclusively presumed. Freeman, Judgm. §§ 124, 132.

Where default has been entered, no rights of plaintiff are forfeited by delay in taking final judgment. Edwards v. Hellings, 103 Cal. 204, 37 Pac. 218.

A person desiring to obtain relief from a default judgment, on any ground or for any reason, must take the necessary steps within a reasonable time; and his unexcused delay and laches will preclude him from obtaining any relief. Black, Judgm. § 313.

BURKE, J. In March, 1907, plaintiff sued the defendant for the sum of $195 and interest since 1905. Before the time to answer had expired, defendant and plaintiff reached some agreement between themselves regarding a settlement, and no answer was interposed. The attorney for the plaintiff, however, was not notified of the settlement, and entered judgment by default on the 24th of April, 1907. It was not until 1908 that defendant discovered that such judgment had been entered, when he made application under the statute to have the same opened upon the ground of inadvertence, surprise, and excusable neglect. This motion, however, was never brought on for hearing, and on the 2d of September, 1911, a new motion upon the same identical grounds was made and served, and duly denied by the district court.

No appeal was taken from such order. At that time, however, the judge of the district court ordered a new judgment to be entered *nunc pro tunc,* allowing the sum of $50, which had been paid by the defendant under the terms of the personal settlement already mentioned. Notwithstanding the premises, defendant in October, 1913, made a still further motion to vacate such judgment, upon the grounds that the same had been irregularly entered, and was voidable. He states expressly that this motion is not based on § 7483, Comp. Laws 1913, but upon the ground, as he states, that the court had the right to nullify the judgment as irregular, irrespective of the statute, and cites us to the case of Naderhoff v. George Benz & Sons, 25 N. D. 165, 47 L.R.A.(N.S.) 853, 141 N. W. 501, upon which mainly he relies. Such case does not, in our opinion, aid defendant. Conceding, as he must, that the judgment before us is not void, but at most voidable, to set it aside defendant must bring himself within all those equitable rules usually imposed upon those asking equitable relief. From 1908, when defendant discovered that a judgment had been entered against him, until 1913, five long years passed during which nothing was done towards opening the judgment, upon the ground of such irregularity. This delay justified the trial court in refusing the relief demanded. See Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Black, Judgm. §§ 170–326; Freeman, Judgm. §§ 124–132. Defendant was guilty of inexcusable laches, and the judgment of the trial court is in all things affirmed.