[File No. 7035]

UNITED STATES OF AMERICA, Respondent, v. OTTO NJAA as Administrator of the Estate of Martin Njaa, deceased, Appellant.

(26 ND2d 513)

Opinion filed March 21, 1947

M. W. Duffy, for appellant.

P. W. Lanier, United States Attorney, and J. P. Stevens, Assistant U. S. Attorney, for respondent.

Murray & Murray and W. J. Austin, Amici Curiae.

PER CURIAM. This action was brought to recover the amount alleged to be due upon five promissory notes. The principal alleged to be due on such notes aggregates $590.00. It is alleged that such notes were executed and delivered by Martin Njaa and were made payable to the order of the Secretary of Agriculture. It is further alleged that said Martin Njaa died on or about November 20, 1943, and that the defendant, Otto Njaa, was appointed administrator of the estate of said Martin Njaa by the County Court of Griggs County in this state; that thereafter

he duly qualified as such administrator and is now the administrator of said estate. It is further alleged that the plaintiff caused proof of claim upon said notes to be filed against the estate of said Martin Njaa, deceased, with the judge of the County Court of said Griggs County and that the claim was rejected—the reason assigned for the rejection being that the claim was not filed within the time provided by law and the order of the court for filing claims against said estate. It is further alleged that the estate has not been closed and that there remains in the hands of the administrator property of a value in excess of the amount of plaintiff's claim.

The defendant demurred to the complaint on the grounds: (1) That the court has no jurisdiction of the subject of the action; and (2) That the complaint does not state facts sufficient to constitute a cause of action. The demurrer came on for hearing and the court entered an order: "that said demurrer be overruled, and that the plaintiff have judgment thereon, but with leave to the defendant to withdraw his demurrer and file an Answer within fifteen days after the service of a copy of this order upon the attorney for the defendant."

Such order was served upon the attorney for the defendant on March 27, 1946. Thereafter on April 22, 1946 counsel for the plaintiff made an ex parte application for judgment by default against the defendant and as a basis for the application submitted an affidavit reciting: "That the Court having on the 21st day of March, 1946, made and entered its order overruling demurrer of the defendant to the complaint of the plaintiff, and the same having been served upon the attorney for the defendant on the 27th day of March, 1946, and more than fifteen (15) days having elapsed since the service thereof upon the attorney for the defendant, and no answer or further appearance having been made by or on behalf of the defendant, the defendant is now in default."

The trial court made findings of fact that all the material allegations of the complaint were true and ordered judgment for the amount prayed for that the same be paid from the assets

of the estate, and that the claim of the judgment is a preferred claim upon the assets of the estate. Judgment was entered accordingly and the defendant has appealed.

The defendant caused a statement of the case to be settled showing what transpired at the hearing of plaintiff's application for default judgment against the defendant. From such statement it affirmatively appears that no notice was given to the defendant of the time and place of the application for the judgment; that no exhibits were offered or received in evidence by the trial court at such hearing; that the promissory notes upon which the action is based, or certified copies thereof, were not presented to or filed with the court.

Among the errors assigned by the appellant is:—That the court erred in ordering and rendering judgment against the defendant without notice to the defendant of the time and place where application for judgment would be made. This is the assignment of error which logically presents itself for determination first.

The pertinent provisions of our laws relating to the rendition and entry of judgment upon default are contained in North Dakota Revised Code of 1943, and read as follows:—

"28-0902. *Judgment on Default.* When a defendant, or one or more of several defendants, shall fail to answer or demur to the complaint within the time prescribed by this title, the court, upon proof of such default by the affidavit of the plaintiff or of his attorney, may render judgment in favor of the plaintiff and against such defendant or defendants."

"28-0903. *Default Judgment on Written Instrument.* If the action is one for the recovery of money only and is founded upon a written instrument, judgment shall be rendered upon proof of such default and the production of such written instrument. Such written instrument shall be filed with the clerk before the entry of judgment unless, pursuant to the order of the trial judge, a copy certified by the party producing the same shall be filed in lieu thereof."

"28–0904. *Default Judgment; Proof to be Required.* Except as otherwise provided in section 28–0903, the court, before rendering judgment upon default, shall require such proof as may be necessary to enable it to determine the relief, if any, to which the plaintiff may be entitled. To this end the court may:

1. Hear the evidence and assess the damages;

2. Direct a reference for the purpose of an accounting or for the taking of testimony, or for the determination of the facts; or

3. Submit any question involved to a jury."

"28–0905. *Default Judgment; When Notice Required.* Any defendant who has appeared in any action shall be entitled to eight days' notice of the time when and the place where application will be made to the court for judgment upon default."

The foregoing statutory provisions are based upon Comp. Laws 1913, § 7600, but in some respects they differ considerably from the former section. Whatever might have been the rule under such former section with respect to the necessity of giving notice of application for judgment to a defendant in an action for the recovery of money only on an instrument for the payment of money where the defendant had made appearance but had not made answer, there seems to be no room for dispute that under the above quoted provisions of the Revised Codes of 1943 a defendant in an action for the recovery of money only on an instrument for the payment of money who has made appearance but has not made answer is entitled to notice of the time and place where application is made for judgment upon default. Section 28–0905, supra, specifically provides: *"Any defendant who has appeared in any action* shall be entitled to eight days' notice of the time when and the place where application will be made to the court for judgment upon default." The language of this section is specific and all-inclusive. It applies to all defendants and to all actions. A demurrer constitutes a general appearance. A person who has interposed a demurrer to a complaint and who does not answer over after the demurrer has been overruled cannot be said to have made default. Mathot v. Triebel, 102 App Div 426, 92 NYS 512. And a defendant who

has interposed a demurrer is entitled to notice of the time and place of the application for judgment notwithstanding the demurrer may have been overruled and that the defendant did not answer over.

In cases that arose under the former statute (Comp Laws 1913, § 7600), this court construed the statute liberally so as to safeguard the right of a defendant who had made appearance in an action to notice of the time and place of application for judgment. Dakota Nat. Bank v. Johnson, 52 ND 845–851, 204 NW 840, 842; Martinson v. Marzolf, 14 ND 301, 308, 309, 103 NW 937. See also Robinson v. Connole, 29 ND 590–592, 151 NW 33.

Section 28–0905, supra, is specific and mandatory. The record shows that the judgment appealed from was rendered contrary to its provisions. It cannot be said that the disregard of this statute was non-prejudicial. Ferderer v. Northern P. R. Co. ante, 139, 26 NW2d 236. As the judgment appealed from was rendered without notice it follows that questions relating to the merits of the controversy may not properly be considered on this appeal.

The judgment appealed from is reversed and the cause remanded for further proceedings conformable to the law.

CHRISTIANSON, Ch. J., and MORRIS, BURKE, NUESSLE and BURR, JJ., concur.