**Bob SIMONSON, a/k/a R. W. Simonson, d/b/a Western Sales Management, Plaintiff and Respondent,**

v.

**Peter SITTNER, Defendant and Appellant.**

No. 7628.

Supreme Court of North Dakota.

March 30, 1957.

James A. Clement, Hettinger, Morrison & Skaug, Mobridge, S. D., for appellant.

Robert Wallin, Hettinger, for respondent.

SATHRE, Judge.

This is an appeal from an order of the district court of Sioux County denying the defendants application for vacating and setting aside a default judgment entered against him in favor of the plaintiff and for leave to interpose answer. The facts are undisputed and are as follows:

Service of the Summons and Complaint was made personally on the defendant on March 20, 1956. On April 17, 1956 one of the attorneys for the defendant wrote the attorney for the plaintiff as follows:

"Mr. Robert Wallin, Attorney at Law,
"Hettinger, North Dakota.
"Re: Bob Simonson v. Pete Sittner
"Western Sales Management
"Dear Robert:
"The defendant whom we expect to represent just brought process to the office. Is it agreeable with you to extend time to answer to the coming May 1st? We may be able to work something out in the mean time.
"Yours very truly,
"Pat Morrison."

On April 18, 1956 the attorney for the plaintiff wrote the following letter to Pat Morrison, Attorney for the defendant.

"Re: Bob Simonson v. Pete Sittner
"Dear Mr. Morrison:
"Reference is herein made to your letter of April 17, 1956. I have spoken with my client regarding your request

for extension of time to answer. He stated that he had received absolutely no cooporation from Sittner to date and could see no reason why he should accomodate him. For that reason I am not authorized to grant your request.

> "Very truly yours,
> "Robert Wallin."

On April 19, 1956, Mr. Morrison, one of the attorneys for the defendant wrote the following letter to plaintiff's attorney.

> "Dear Robert:
>> "Simonson v. Sittner
> "Find enclosed answer in the above case. You may consider this as service. We may want to amend when we get a little more information.
>> "Yours very truly,
>> "Pat Morrison."

Enclosed with this letter was an answer signed by defendant's attorneys James A. Clement, Hettinger, N. D., Morrison and Skaug, Mobridge, S. D. This anwser was never returned to the defendant or his attorneys.

The Summons and Complaint having been served upon the defendant on the 20th day of March 1956 the time for answer would expire April 20, 1956. In the forenoon of that day the defendant with his attorney appeared before the Hon. J. O. Wigen one of the Judges of the 6th Judicial District, filed an affidavit of default and no answer, and obtained an order for judgment by default. The order for judgment was signed the same day April 20, and thereafter and on April 23, 1956 judgment was entered thereon.

On April 26, 1956 the attorney for the plaintiff wrote the attorneys for the defendant as follows:

> "Since I did not receive an Answer from you within 30 days after the service of the Summons and Complaint in the above entitled action nor before the Judge signed the Findings and Order for Judgment, Judgment was accordingly entered against Mr. Sittner on April 23, 1956 in the total sum of $1,280.95."

Thereafter the defendant's attorneys prepared an amended answer and counterclaim and mailed same to plaintiffs' attorney and he admitted service thereof, on the 30th day of April 1956.

On April 30, 1956 the defendant procured from the Hon. Judge J. O. Wigen, an order to show cause why the judgment entered on April 23, 1956 should not be vacated and set aside and the defendant permitted to answer. The Order was duly served upon the plaintiff and hearing was had thereon on the 15th day of May 1956.

Thereafter and on the 4th day of June 1956 the Hon. J. O. Wigen, Judge of said District Court made his order that the application of the defendant be in all things denied.—From this Order the defendant appealed asserting that the trial court erred in denying his motion for the following reasons:

> "1. That timely service of answer on behalf of the defendant was made by mail,

> "2. That plaintiff had notice that defendant would appear in the action before he procured order for default judgment; that plaintiff disregarding such notice failed to give the statutory notice of application for judgment,

> "3. That an answer was mailed to the plaintiff's attorney before entry of order for judgment and that such answer was received by said attorney for plaintiff and never returned."

We shall first consider the defendant's second specification, that is, as to whether or not he had made sufficient appearance prior to the expiration of time for answer so as to entitle him to notice before entry of the default judgment. Section 28–0905, NDRC 1943 provides as follows:

"Any defendant who has appeared in any action shall be entitled to eight days' notice of the time when and the place where application will be made to the court for judgment upon default."

We have referred to a letter under date of April 17, 1956 written by one of the attorneys for the defendant to the attorney for the plaintiff in which he stated that "the defendant whom we expect to represent just brought process to the office. Is it agreeable with you to extend the time to answer to the coming May 1st?" This letter was written three days before the time for answer had expired. It was received by the attorney for the plaintiff on April 18, and on the 18th he replied stating that he had consulted his client and that he could not extend time for answer.

In the case of Robinson v. Connole, 29 N.D. 590, 151 N.W. 33, a judgment by default had been taken against the defendant. The defendant made application to have the judgment vacated and to permit him to answer, and he stated in his affidavit in support of his application, among other things that, his "attorneys informed him that they would look after the same and attend to putting in an answer in the case. * * * That [he] at no time had any information or knowledge that judgment had been taken against him, * * * until * * * the sheriff * * * came out to * * * to levy under an execution that had been issued upon such judgment". That thereafter he took the matter up with his attorneys. One of the attorneys for the plaintiff in a counter affidavit stated:

" 'At or about the time of the expiration of the time for answering in the above-entitled action, a gentleman called me on the telephone, whom I recognized as D. C. Greenleaf, of Minot, N. D. He referred to the above-named case, and said he represented the defendants, and asked if it would make any difference if he delayed in putting in an answer for three or four days,

as he wished time to look up a little documentary evidence. I replied that that would be satisfactory to us.' "

We held in that case that the telephone conversation referred to was sufficient appearance and that the notice required by Section 7600 Comp.Law, (now Section 28-0905, NDRC 1943) was necessary to be given the defendant before the assessment of damages and entry of judgment. The facts with reference to appearance by the defendant in the instant case are stronger and more specific than in the case just cited. As pointed out herein Mr. Morrison, one of the attorneys for the defendant advised the attorney for the plaintiff by letter that he and his associates expected to represent the defendant. This letter was written as we have pointed out three days before the expiration of the time for answer. The attorney for the plaintiff replied to this letter within said time and recognized Mr. Morrison as one of the attorneys for the defendant. We think that the correspondence between the attorneys for the plaintiff and the defendant constitutes sufficient appearance to require notice to the defendant as provided in said section 28-0905. Under the view we have taken it will not be necessary to consider other specifications of error assigned by the appellant.

In the case of United States v. Njaa, 75 N.D. 176, 26 N.W.2d 513, 514 this court in construing section 28-0905 supra said:

"The foregoing statutory provisions are based upon C.L.1913, § 7600, but in some respects they differ considerably from the former section. Whatever might have been the rule under such former section with respect to the necessity of giving notice of application for judgment to a defendant in an action for the recovery of money only on an instrument for the payment of money where the defendant had made appearance but had not made answer, there seems to be no room for dispute that under the above-quoted provisions

of the Revised Codes of 1943 a defendant in an action for the recovery of money only on an instrument for the payment of money who has made appearance but has not made answer is entitled to notice of the time and place where application is made for judgment upon default. Section 28-0905, supra, specifically provides: '*Any defendant* who has appeared *in any action* shall be entitled to eight days' notice of the time when and the place where the application will be made to the court for judgment upon default.' The language of this section is specific and all-inclusive. It applies to all defendants and to all actions. * * *

"In cases that arose under the former statute (C.L.1913, § 7600), this court construed the statute liberally so as to safeguard the right of a defendant who had made appearance in an action to notice of the time and place of application for judgment. Dakota Nat. Bank v. Johnson, 52 N.D. 845–851, 204 N.W. 840, 842; Martinson v. Marzolf, 14 N.D. 301, 308, 309, 103 N. W. 937. See, also, Robinson v. Connole, 29 N.D. 590–591, 151 N.W. 33.

"Section 28-0905 supra, is specific and mandatory. The record shows that the judgment appealed from was rendered contrary to its provisions. It cannot be said that the disregard of this statute was non-prejudicial."

The order appealed from is reversed, and the cause remanded for further proceedings conformable to law.

GRIMSON, C. J., and MORRIS, BURKE and JOHNSON, JJ., concur.