**UNITED ACCOUNTS, INCORPORATED,**
Bismarck, North Dakota, Plaintiff
and Appellant.

v.

**Kasper LANTZ, Defendant and Respondent.**

No. 8311.

Supreme Court of North Dakota.

Oct. 13, 1966.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for plaintiff and appellant.

R. J. Bloedau, Mott, for defendant and respondent.

TEIGEN, Chief Justice.

The plaintiff appeals from an order of the County Court with Increased Jurisdiction, Stutsman County, vacating a default judgment.

The material facts are: The plaintiff brought action against the defendant in the County Court of Stutsman County to recover the sum of $425.56, on an open account assigned to the plaintiff by The Carter Oil Company. A summons and complaint were served on the defendant in Hettinger County on May 26, 1958. Although not made a part of the judgment roll on this appeal, the parties agree that on July 17, 1958, the plaintiff also served a garnishment summons on the defendant and the garnishee named therein. On July 26, 1958, the defendant's attorney forwarded by mail to the plaintiff's attorney a demand for a change of venue, supported by the defendant's affidavit averring his residence as Hettinger County, and demanding that venue be changed to the District Court of Hettinger County, Sixth Judicial District. A stipulation for change of venue, prepared for the signature of the attorneys for both parties and signed by the attorney for defendant, was enclosed. An admission of service was enclosed also. The attorney for the plaintiff refused to sign the stipulation, and he did not admit service. He returned the papers to the defendant's attorney on July 29, 1958, stating they were not timely because the time for answering the complaint had expired. On August 2, 1958, the attorney for the defendant executed an affidavit of service by mail, and on the same day prepared an instrument entitled "Answer and Motion for Order Changing Venue" which was served upon the attorney for the plaintiff by mail. The demand for change of venue and affidavit for change of venue and proof of service were then forwarded by defendant's attorney to the judge of the Stutsman County Court with a request that they be filed in the case. He also advised the court that an answer to the complaint was being served the same day. The answer and motion for change

of venue was prepared and served by mail. It sets forth a meritorious defense. On August 4, 1958, the judge of the County Court of Stutsman County wrote to the attorney for the defendant acknowledging receipt of the papers, and in his letter advised that the case had not been filed and therefore the papers could not be filed. He stated in part, "In view of what you are doing, I believe no papers in this case will be filed and in the event any are filed I shall not sign order for judgment until you are notified." On August 28, 1958, the plaintiff's attorney filed the case in the Stutsman County Court, and also presented his affidavit of default, affidavit of proof, and affidavit of nonmilitary service. On the same day the court entered its findings of fact and conclusions of law, and ordered judgment against the defendant for the amount of $459.56, plus costs. An affidavit of costs was filed, and on the same day a judgment by default was entered by the clerk of said Stutsman County Court against the defendant for a total of $472.66.

Thereafter, on March 24, 1965, an application was made to the County Court to vacate the said judgment on the ground that the statements contained in the affidavit of default were incorrect for the reason that an answer had been served, that there was an appearance made by or on behalf of the defendant, and that the defendant had a good and valid defense to the whole claim made against him because the said claim had been paid before the commencement of the action. Such application also alleged that the entry of judgment was not discovered by the defendant until the late fall of 1964. The court issued its order directed to the plaintiff to show cause why the judgment should not be vacated. Following a hearing on April 7, 1965, the County Court of Stutsman County entered its order on April 13, 1965, from which this appeal is taken. The order adjudges and decrees that the default judgment entered on August 28, 1958, is void and without force or effect. It vacates the judg-

ment, and enjoins the plaintiff perpetually from in any manner enforcing or attempting to enforce the judgment.

The plaintiff specifies that the court erred in holding a hearing on April 7, 1965, to consider the question of vacating a judgment entered on August 28, 1958, and that it erred in vacating the judgment.

A summons and complaint, regular in form, were served upon the defendant by a deputy sheriff on May 26, 1958. Thereafter the defendant had 20 days in which to answer the complaint. Rule 12, N.D.R.Civ.P. Time for answer expired on June 15, 1958, but the defendant had taken no action, had not appeared in the case, and was in default. On July 17, 1958, the plaintiff prepared and served a garnishment summons, and thereafter, on July 26, 1958, the defendant made his first appearance in the action by filing an application and demand for change of venue to the county of his residence. A demand for change of venue must be made before the time for answer expires. Section 28-04-06, N.D.C.C. It is clear the defendant made no demand for change of venue, nor did he otherwise appear in the action, before the time for answering had expired. The plaintiff could have moved for a default judgment before the garnishment summons was served. The defendant made no request or application for an extension of time in which to plead to the complaint nor to demand a change of venue, nor is any excuse now given or offered for this failure.

Rule 55, of the North Dakota Rules of Civil Procedure, provides the procedure for obtaining a default judgment. Section (a) states:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter an appropriate

judgment by default in favor of the plaintiff and against the defendant as follows:

(1) When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court, upon affidavit of the amount due and upon production of the written instrument, if any, upon which the claim is founded, may direct the entry of judgment.

(2) * * *

(3) * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least eight days prior to the hearing on such application.

Plaintiff's claim against the defendant in this case is for a sum certain and it seeks affirmative relief. The defendant failed to plead or otherwise appear during the 20-day period provided for answering. The defendant was in default and plaintiff was entitled to apply for default judgment without notice to the defendant. However, before the plaintiff made application for a default judgment, the defendant served his answer and demand for a change of venue. The question arises whether the plaintiff's right to the entry of default judgment without notice was waived. In other words, does the provision of the Rule which reads "If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least eight days prior to the hearing on such application" apply?

 The defendant served an answer to the plaintiff's complaint on August 2, 1958, but plaintiff did not make application for a default judgment until August 28. Service of the answer constituted an appearance, and therefore the defendant made an appearance before the plaintiff made application for a default judgment. The service of an answer to a complaint invokes the authority of the court to determine a controversy on its merits and constitutes a general appearance when such answer, as in this case, does not object to the jurisdiction of the court. Albrecht v. Zimmerly, 23 N.D. 337, 136 N.W. 240; In re McIntyre's Estate, 78 N.D. 10, 47 N.W.2d 527; Tooz v. Tooz, 78 N.D. 432, 50 N.W.2d 61. We hold that although the answer was served after the time specified in the summons or our rules, and no enlargement of time was obtained under Rule 6(b), N.D.R.Civ.P., it nevertheless does constitute an appearance under Rule 55, supra, and that the plaintiff under such Rule is required to serve the notice of application for judgment at least eight days prior to the hearing on the application for a default judgment. This appears to be the general rule.

Failure by a party entitled to a default judgment to move for such judgment promptly upon accrual of the default, or at least an unreasonable delay in doing so, is ordinarily held to constitute a waiver of the right to such judgment, but there are cases in which it is held that a mere delay does not constitute a waiver. In any event, if a party, after the expiration of the time expressly granted for the filing of a pleading against him, suffers further time to elapse without taking any action with respect thereto, and in the meantime the pleading is served and filed, a judgment by default may not be entered for failure to file the pleading.

30A Am.Jur., Judgments, section 203.

The entry of a default against defendant is merely a privilege which may or may not be exercised by plaintiff, and which is waived by his proceeding with the cause without taking advantage of the default in the proper time and manner, unless he was ignorant of the default at the time.

49 C.J.S., Judgments, § 203.

Failure by the party entitled to a default judgment to move for such judgment promptly upon the accrual of the default, or at least an unreasonable delay in doing so, is ordinarily held to constitute a waiver of the right to such judgment.

124 A.L.R. 155–156.

■ The plaintiff's affidavit, which in part states "That no answer, demurrer, or any appearance whatever has been made by or on behalf of the defendant" as of August 27, 1958, was not a true statement. However, judgment was entered pursuant to the order of the county court which at the time had complete jurisdiction of the parties and of the subject matter of the action. Such judgment is not void, but is irregular, and must be dealt with as a valid judgment until vacated by a direct proceeding. Martinson v. Marzolf, 14 N.D. 301, 103 N.W. 937; Dakota National Bank v. Johnson, 52 N.D. 845, 204 N.W. 840.

Rule 55(a) (3), N.D.R.Civ.P., quoted above, is specific and mandatory. The record shows that the judgment on default was rendered contrary to its provisions. Although we do not pass upon the merits of the defense set forth in the answer, it cannot be said that disregard of the rule was not prejudicial. United States v. Njaa, 75 N.D. 176–180, 26 N.W.2d 513.

■ Plaintiff argues that the motion is not timely. Motion to vacate was made in March 1965, approximately six and one-half years after judgment was entered. It appears no steps were taken to enforce the judgment during this time. The defendant's attorney avers that he received no notice of the entry of judgment, and that he relied on the letter of August 4, ·1958, received from the judge of the county court, advising that the case had not been filed and stating that he would not sign an order for judgment until the attorney was notified.

The plaintiff submitted a copy of a letter directed to defendant's attorney, da-

ted October 17, 1958, purportedly written by the clerk of the Stutsman County court, which copy states in part:

On August 28 this action was filed, and the judgment signed and entered. This was an error on my part as I failed to call a request for a change of venue to the judge's attention as it had been filed away in this office. A transcript of judgment was filed in Hettinger County on August 30.

The defendant's attorney denies that he received the letter, and avers that he had no knowledge of the entry of judgment until some time late in October 1964, at which time he promptly retained attorneys residing in Stutsman County to take appropriate action to have the judgment vacated.

■ The motion to vacate was made under Rule 60(b), N.D.R.Civ.P. This rule provides a method of relief from a judgment or order, and section (b) sets forth six reasons when the court may relieve a party from a final judgment or order. The reasons (1) through (5) are specific, but reason (6) states:

any other reason justifying relief from the operation of the judgment.

This reason is very broad in its terms. It encompasses any reasons other than reasons (1) through (5). The trial court granted the motion to vacate principally on recognition of its own mistake in that it had failed to comply with the promise contained in its letter of August 4, 1958. The rule gives the court the power to relieve a party of a final judgment in the exercise of its sound discretion, subject only to two limitations: (1) the motion for relief must be made within a reasonable time, and (2) relief may not be had under reason (6) when the grounds for granting it fall properly under one of the specific reasons set forth in (1) through (5). Reasons (1) through (3) contain a one-year limitation; the others are limited only by reasonable time. Thus the relief under the latter, being reason (6), would be available

if it were sought within a reasonable time, although it would be precluded under the former reasons (1) through (3) if one year had elapsed. What constitutes a reasonable time varies from case to case and must be determined in each instance from the facts before the court. The very nature of the exercise of discretionary power in cases of this kind is such as to prevent any absolute rule being laid down. Pilney v. Funk, 212 Minn. 398, 3 N.W.2d 792; Sommers v. Thomas, 251 Minn. 461, 88 N.W.2d 191.

We held in Sioux Falls Construction Company v. Dakota Flooring, a corporation, N.D., 109 N.W.2d 244, that Rule 60 is remedial in nature and should be liberally construed and applied. We said that this Court views with favor the trial of cases on their merits, and where default has been entered it is largely within the discretion of the trial court to say whether the defendant shall be permitted to come in afterward and make his defense, and that unless an abuse of discretion be made to appear, this court will not interfere.

In view of the unusual circumstances and the acknowledged mistake of the county court, together with the failure on the part of plaintiff to take any steps to enforce the judgment, we cannot say that the county court abused its discretion in granting the relief sought. For these reasons we affirm the order appealed from and direct that the county court consider a motion for enlargement of time under Rule 6(b), N.C.R. Civ.P., if motion is promptly made and sets forth grounds constituting excusable neglect for failure to have answered the complaint before the expiration of the specified period. We further direct that in the event such motion is not made promptly, or if made does not state grounds constituting excusable neglect, the county court entertain a second application by the plaintiff for default judgment upon proper notice.

STRUTZ, ERICKSTAD, KNUDSON and MURRAY, JJ., concur.