DAKOTA NATIONAL BANK, a Banking Corporation, Respondent,
v. LEWIS JOHNSON, Lena Johnson, Appellants, and FARM-
ERS ELEVATOR COMPANY, ENDERLIN, NORTH DA-
KOTA, a Corporation, Garnishee.

(204 N. W. 840.)

**Judgment — if interpleaded defendant serves verified pleading setting up
prior action and laches of garnishee in applying for interpleader, judg-
ment cannot be rendered against him as if he made no appearance.**

Where a person, who has been ordered interpleaded as a party defendant
in a garnishment action under § 7582, Comp. Laws, 1913, fails to interpose an
answer setting forth his claim to the moneys garnished, but serves a verified
pleading, denominated a special appearance, wherein he asserts that before the
entry of the order of interpleader he instituted an action against the garnishee
in another court for the recovery of such moneys; that such action is still
pending; that the garnishee has been guilty of such laches in applying for the
order of interpleader as to defeat his right to avail himself of the provisions of
§ 7582, Comp. Laws, 1913, judgment may not be rendered against such inter-
pleaded defendant as though he had made no appearance at all; but he becomes
entitled to notice of application for judgment even though the grounds set
forth in his pleading are not well founded; and a judgment rendered against
such interpleaded defendant without notice is irregular, and must be set aside,
when proper and seasonable application is made for that purpose.

Opinion filed June 16, 1925.

Judgments, 34 C. J. § 369 p. 159 n. 94; § 404 p. 186 n. 87.

Appeal from the County Court of Ransom County, *Thompson,* J.

From an order denying an application to set aside a default judg-
ment in a garnishment action, Lewis Johnson and Lena Johnson ap-
peal.

Reversed.

*W. H. Nollman,* for appellants.

Where an application is made to set aside a judgment entered by de-
fault and to permit an answer to be filed if the facts disclosed by
the showing involve purely a question of law, it will not require dis-
cretion on the part of the court, and must be determined solely on the
question of law raised. 2 R. C. L. p. 215, § 179.

It has been held that an application to vacate a judgment for want of service of summons upon or appearance of a defendant, is not a matter of discretion on the part of the Court, but of pure legal right, and does not arise under § 473 of the California Code of Civ. Proc. Hunter v. Bryant, 98 Cal. 247, 33 Pac. 51.

A court has the inherent right independent of statute to vacate any judgment that is void because entered without notice or appearance. Sroufe's Estate, 74 Wash. 639, 134 Pac. 471.

There is no question of sufficiency of an affidavit of merits involved. The case was previously at issue on the merits and no affidavit of merits was therefore necessary. All that was incumbent upon the defendant was to excuse by affidavit, or otherwise, the default, if any, in appearance at trial. Jesse French & Sons Piano Co. v. Getts, 192 N. W. 765.

Where the circumstances shown upon an application to vacate a judgment entered by default are such as to lead a court to hesitate before it refuses to open the judgment, it is better as a general rule, that the doubt should be solved in favor of the application. Citizens Nat. Bank v. Branen, 126 N. W. 102.

A party may not deny that which he has solemnly asserted to be true when such denial will prejudice one who has relief upon his former statement. Hamaker v. Johnson, 202 N. W. 11.

Where the circumstances are such as to place the court in doubt, it is the better rule to resolve the doubt in favor of the application to open the judgment. Northern Commercial Co. v. Goldman, 164 N. W. 133.

*Chas. G. Bangert,* for respondent.

In garnishment proceedings one claiming ownership of the property and intervening under statute 1921, § 2767 stands in the character of plaintiff before the Court as to the nature of his title and the object of his demand, and is governed in his pleadings by the rules of practice which apply to plaintiff's in principal demands. Commercial Invest. Trust v. Frankfurth Hardware Co. 190 N. W. 1004.

A person made a party to garnishment proceedings as a claimant or as having rights to, or interests in, the property or fund pursued, may disclaim, whereupon his rights or claims are eliminated from the issue between plaintiff and the garnishee. 28 C. J. 384.

The issue upon intervention or interpleader in garnishment is formed by a statement, in the nature of a declaration, of the claimant's claim and plaintiff's answer in plea thereto. Ibid.

Statutory requirements as to the time in which the statement of claim must be filed should of course, be complied with. 28 C. J. 385.

On motion by defendant to be relieved from a judgment entered against him because of his default, he must present an affidavit of merits as well as a verified answer, or his motion must be denied. Sargent v. Kindred, 63 N. W. 151.

CHRISTIANSON, Ch. J. The defendants Lewis Johnson and Lena Johnson appeal from an order of the County Court of Ransom County denying their motion to vacate a default judgment in the above entitled garnishment action.

The material facts are as follows: On March 10th, 1924, the plaintiff commenced an action against the defendant Lewis Johnson, in the county court of Ransom county, upon a promissory note for $100.00. The defendant Lewis Johnson made default in said action, but judgment was not entered therein until October 10th, 1924. On August 28th, 1924, the plaintiff instituted the above entitled garnishment action (ancillary to said main action on the $100.00 note), in the county court of Ransom county, the Farmers Elevator Company of Enderlin, North Dakota, being named as garnishee therein. Said garnishee interposed an answer or affidavit admitting that two loads of wheat had been hauled and delivered to the elevator of said garnishee and sold in the name of the defendant Lewis Johnson and that the said garnishee had in its possession $119.85, the proceeds of said wheat; but it was further asserted that one Lena Johnson had served upon said garnishee an affidavit claiming that she was the owner of said wheat; and, hence, the owner of the proceeds of the sale thereof. The garnishee further averred that it had no knowledge or information as to who was the owner of said wheat except as so stated in its affidavit and the garnishee deposited the said sum of $119.85 in court to be paid to the party or parties whom the court should find entitled thereto. On October 13th, 1924, said Lena Johnson commenced an action in the district court of Ransom county against the said Elevator Company to recover from it the said sum of $119.85. Thereafter, on

October 18th, 1924, the said county court made an order directing that the said Lena Johnson be interpleaded as a defendant in said garnishment action, and requiring that, within thirty days after the service of such order upon her, she set forth her claim if any she had to the said moneys.

The order recites that it is made upon the affidavit of the manager of the garnishee elevator company, and the affidavit of Lena Johnson; and upon the motion of the Farmers Elevator Company, garnishee. The affidavit of Lena Johnson referred to in such order states that she is the owner of the farm upon which the grain in controversy was raised "and the sole owner of the crop raised on the said farm;" and "the sole owner of the proceeds of $119.85 from the sale of the grain above described and entitled to the immediate payment thereof. That on the 26th day of August 1924, she delivered to the Enderlin Farmers Elevator Company of Enderlin, North Dakota, two loads of wheat and received grain ticket No. 5637 showing 75 bu. 22 lb., and grain ticket showing 58 bu. 50 lb., which last ticket is No. 5629. That on said day instructions were left to sell both loads, and they were sold for $139.85. . . . That $20.00 has been paid by the said elevator company from the said proceeds, by consent of all parties concerned, but that balance of $119.85 is now held by said elevator company, on account of the said garnishment action. . . . That when said two loads of grain were delivered to the elevator through some error the grain was put in the name of Lewis Johnson, the husband of this deponent. That soon thereafter the elevator was notified to change the record to show the true owner thereof. That the said Lewis Johnson has no right, title or interest in the said grain."

On November 1st, 1924, said Lena Johnson served and filed what was denominated a special appearance wherein she set forth that on the 13th day of September, 1924, she had caused written demand to be served upon the said Farmers Elevator Company that they pay to her the said sum of $119.85 then in its possession; that such payment was not made; and that thereafter on the 13th day of October, 1924, she commenced an action in the district court of Ransom county against the said Farmers Elevator Company as defendant to recover the said sum of money; that no attempt was made to interplead said Lena Johnson as a party defendant in said garnishment action until

after she had commenced the said action in the district court of Ransom county; that said Farmers Elevator Company was guilty of neglect and delay in applying for an order of interpleader and that it ought not be permitted to defeat the action brought by said Lena Johnson against it by such means; and it is asserted that by virtue of these facts the district court of Ransom county acquired and had jurisdiction over the controversy and that the county court of Ransom county was and is without jurisdiction to determine the same. The defendant, Lewis Johnson, appeared in said garnishment action and interposed an answer therein, alleging that the grain which he had delivered to the Farmers Elevator Company belonged to the said Lena Johnson and that the proceeds of said sale belonged to her and that he had no right, title or interest therein.

The action brought by Lena Johnson against the Farmers Elevator Company in the district court of Ransom county came on for trial on December 3rd, 1924. There was an objection by the defendant in that action to the introduction of any evidence and a motion to dismiss the action on the ground that the county court of Ransom county had acquired jurisdiction of the parties thereto and of the subject matter involved therein, and that the district court had no jurisdiction. This motion was granted by the district court on the grounds so stated. On December 11th, 1924, plaintiff applied to the county court for, and obtained, a default judgment in said garnishment action against Lewis Johnson and Lena Johnson. In such default judgment it was adjudged that the said sum of $119.85 which the Farmers Elevator Company had paid into court be delivered to the plaintiff, and that the interpleaded defendant, Lena Johnson, be forever barred and precluded from making any claim to said monies or any part thereof. This judgment was obtained and entered without any notice whatever to either the defendant Lewis Johnson or to the interpleaded defendant Lena Johnson. In January 1925, the defendants Lewis Johnson and Lena Johnson moved that such judgment be vacated. The motion was denied and they have appealed.

In our opinion the judgment rendered against the appellants was and is irregular, and the county court erred in refusing to vacate it.

Our statutes relating to garnishment provide:

"The proceedings against a garnishee shall be deemed an action by

52 N. D.—54.

the plaintiff against the garnishee and defendant as .parties defendant, and all provisions relating to proceedings in civil actions at issue . . . and relief from default or proceedings taken . . . shall be applicable thereto." Comp. Laws, 1913, § 7581.

"The defendant may in all cases by answer duly verified, to be served within thirty days from the service of the garnishee summons on him, defend the proceedings against the garnishee . . . upon any ground upon which a garnishee might defend the same; . . ." Comp. Laws, 1913, § 7580.

"When the answer of the garnishee shall disclose that any other person than the defendant claims the indebtedness or property in his hands, and the name and residence of such claimant, the court may on motion order that such claimant be interpleaded as a defendant to the garnishee action; and that notice thereof, setting forth the facts, with a copy of such order, in such form as the court shall direct, be served upon him. . . . Upon such service being made such claimant shall be deemed a defendant to the garnishee action and within thirty days shall answer, setting forth his claims, or any defense which the garnishee might have made. In case of default, judgment may be rendered which shall conclude any claim upon the part of such defendant." Comp. Laws, 1913, § 7582.

Our statutes further provide that in civil actions, "judgment may be had if the defendant fails to answer the complaint in the following cases:

1. In an action arising on contract for the recovery of money only the plaintiff may file with the clerk proof of the personal service of the summons and complaint on one or more defendants, or of the summons . . . and that no answer or demurrer has been received. Judgment shall thereupon be entered for the amount demanded in the complaint against the defendant or defendants . . . ; but if the complaint is not sworn to and such action is on an instrument for the payment of money only, the court on its production shall assess the amount due to the plaintiff thereon, and in other cases shall ascertain the amount which the plaintiff is entitled to recover in such action. . . . In case the defendant gives notice of appearance in the action, he shall be entitled to five days notice of the time and place of such assessment. . . ."

2. "In other actions the plaintiff may upon like proof apply to the court after the expiration of the time for answering for the relief demanded in the complaint. If the defendant gives notice of appearance in the action before the expiration of the time for answering, he shall be entitled to eight days notice of the time and place of application to the court for the relief demanded by the complaint." Comp. Laws, 1913, § 7600.

While it is true, Lena Johnson did not interpose an answer setting forth her claim to the moneys in controversy, the order of interpleader itself was based, at least in part, upon her affidavit setting forth such claim. And in response to the order of interpleader she interposed a verified pleading, which, while denominated a special appearance, was in fact an answer or plea in abatement on the ground of the alleged pendency of another action, coupled with an averment that by reason of delay the garnishee was not entitled to be relieved from liability under § 7582, Comp. Laws, 1913. It is not at all clear that in these circumstances it can be said that Lena Johnson was in default even though her plea in abatement was not well founded (note in 47 L.R.A. (N.S.) p. 853); but in any event the service of such pleading consti-tuted an appearance on her part, so as to entitle her to notice of application for judgment. Naderhoff v. George Benz & Sons, 25 N. D. 165, 47 L.R.A.(N.S.) 853, 141 N. W. 501; Martinson v. Marzolf, 14 N. D. 301, 308, 103 N. W. 937. The judgment rendered without such notice was irregular and it was the duty of the county court to vacate the same upon proper application, seasonably made, 1 Black, Judgm. § 326.

It follows, therefore, that the order appealed from must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

BIRDZELL, NUESSLE, BURKE, and JOHNSON, JJ., concur.