B. WALTER JONES *vs.* DAVID M. SWAIN.

Submitted on brief by appellant. Argued by respondent April 18, 1894. Modified May 11, 1894.

Nos. 8899, 8900.

**Practice, opening judgment and allowing answer after default.**

In an action to recover unliquidated damages for breach of contract, wherein judgment had been ordered and entered for want of answer, the defendant, upon affidavits and a proposed answer, in which was a general denial, seasonably moved that the judgment be opened, and that he be allowed to defend on the merits. The court, although satisfied with the excuse for the default, refused to relieve defendant, for reasons which are stated in the opinion. *Held*, because of the peculiarly exceptional circumstances of the case, that the rule as to what is required by way of answer or defense on such motions laid down in *St. Paul & Duluth R. Co.* v. *Blackmar*, 44 Minn. 514, does not apply, and that for the sole purpose of allowing a reassessment of the damages sustained by plaintiff the order appealed from should be, and is, modified.

Appeal by defendant, David M. Swain, from an order of the district Court of Washington County, *W. C. Williston*, J., made July 24, 1893, denying his application to vacate and set aside a judgment entered against him on default of answer.

Appeal also from the judgment entered against him May 26, 1892, for $1,567.40 damages and costs.

On April 5, 1892, defendant agreed with B. Walter Jones and Harry S. De Puy of Missoula, Montana, to build and deliver free on board cars at Stillwater, Minn., within forty five days thereafter a steam engine, boiler and machinery for a sternwheel steamboat to ply on the Kootenai river, Mont., and they agreed to and did pay him $2,200 therefor. He did not complete and deliver the machinery until June 18, 1892. De Puy assigned all his interest to his partner and Jones brought this action to recover damages for the delay, claiming $50 a day for twenty nine days. The summons and complaint were served on April 1, 1893, by leaving a copy at defendant's house with his wife, he being absent. He did not answer and the testimony of plaintiff was taken on commission at Jennings, Mont., and on May 26, 1893, judgment was entered by order of the court against the defendant for the amount claimed with interest and costs.

The defendant moved the court July 11, 1893, on an affidavit of merits and affidavits excusing his default and an answer, to vacate the judgment and allow the answer to be filed and copy served. The answer among other things contained a general denial and alleged an agreement extending the time in which he was to complete and ship the engine, boiler and machinery and also denied that plaintiff had sustained any damages by the delay. The plaintiff opposed the motion on affidavits and produced defendant's letters showing there was no agreement for delay and the court denied the motion holding the answer to be sham. Defendant appeals from the order and also from the judgment.

*J. N. Castle,* for appellant, cited *Wright* v. *Jewell,* 33 Minn. 505; *City Bank* v. *Doll,* 33 Minn. 507.

*F. W. Gail,* for respondent, cited *Catlin* v. *Billings,* 13 How. Pr. 511; *Constantine* v. *Wells,* 83 Ill. 192.

COLLINS, J. There are two appeals in this case,—one from an order denying defendant's motion to vacate and set aside a default judgment against him and to allow him to interpose an answer, the other from the judgment itself. We need not refer particularly to the last-mentioned appeal, but shall confine our discussion to that from the order denying defendant's motion. The action was

brought in the county in this state in which defendant lived, and in which he manufactured the machinery in question, to recover damages said to have been sustained by plaintiff and another person, in partnership, by reason of the defendant's failure to furnish at the time agreed upon in a contract between the parties certain machinery—practically all of the machinery needed—for a steamboat then being built by the copartners on the Kootenai river in Montana. The agreed contract price was $2,200. It was alleged in the complaint, that through the default of defendant there had been a delay of twenty nine days in shipping the machinery, and by reason thereof the copartners had been "deprived of the use" of said boat for that period of time; and that the reasonable worth and value of the use of the boat during said period of twenty nine days was $50 per day, amounting in all to $1,450. There was an allegation that the copartnership had been dissolved, and that plaintiff had thereupon acquired by assignment all of the interest of his former partner in and to the contract and the cause of action.

The defendant having failed to answer, plaintiff's testimony was taken by deposition, and his damages assessed by the court at the amount demanded in the complaint. Judgment was duly entered, and soon afterwards, upon an affidavit of merits and a proposed answer, the motion referred to was made, and, as before stated, denied. The court below held that the motion had been seasonably made, and that the defendant had fully excused his default and apparent neglect. Its refusal to grant the motion seems to have been placed exclusively on the ground that certain allegations of the answer not only failed to contain facts sufficient to constitute a defense, but that they were false and sham. We quite agree with the learned court in this. But, in addition to these allegations, the answer contained a general denial, and this put in issue the amount of damages sustained by reason of the delay. Had the defendant served his answer, containing, as this did, a general denial, within the period prescribed for answering, it would actually have presented an issue,—probably the most important one in the case, namely, in what amount was the copartnership damaged by reason of defendant's failure and neglect to ship the machinery as agreed upon in the contract? More than this, the defendant would have been permitted, under the statute, without answering

at all, to have had an assessment of the amount plaintiff was entitled to recover as damages.

We are unable to discover that the court below took into consideration the fact that there was a general denial in the proposed answer. To the contrary, it very clearly appears that it did not, but simply looked into the other allegations referred to, and became convinced as to their insufficiency, and also as to their sham character. The denial put in issue the amount of the damages sustained by the plaintiff and his partner by the loss of the use of the boat, and to this extent there was no claim, and no attempt to show that it was sham and false; and for this reason, taking into consideration the nature of the action and the circumstances of which we shall hereafter speak, we think the court below erred in not granting to defendant a part of the relief asked.

It is urged by respondent's counsel that the willful and false allegations in the answer, of which we have spoken, show entire bad faith on defendant's part, tainting the whole merits of his motion, and that a court is not required to set aside a default, even when the defendant has not been guilty of negligence, unless it is made to appear that he has a meritorious defense. And, further, that when applying to be relieved from his apparent laches, defendant should not have been content with a general denial, but in a more specific manner should have shown that the damages were not in so great an amount as claimed. In *St. Paul & Duluth R. Co. v. Blackmar*, 44 Minn. 514, (47 N. W. 172,) it was said that upon an application to set aside a judgment and for leave to answer, the court, even though satisfied with the excuse for the default, need not be content with a formal compliance in the answer with the rules of pleading which a party may follow when answering as a matter of right, but may require that in its denials it show the actual extent of the controversy upon the matters claimed, as where the denials are of amounts stated in the complaint, and the exact amounts stated are not material. We have no doubt of this, as a general rule, but in the case at bar it must be borne in mind that it was brought to recover unliquidated damages, said to have resulted from a breach of contract for the manufacture and delivery of machinery. The contract price was fixed at $2,200. The delay

was for twenty nine days, and the damages claimed (and recoverable, if the judgment stands) $1,450,—almost two-thirds of the contract price.

The defendant was a manufacturer at Stillwater, in this state, while the delay on which plaintiff bases his cause of action as to the amount of his loss was at a point 1,300 miles away from defendant's place of business and residence, in a country so new and undeveloped that there was no post office at the railway station to which the machinery was to be and was shipped. The facts as to the number of days and the amount of the loss sustained by this delay could not be obtained by defendant without investigation at a place remote from his residence, and because of this remoteness there would be apparently some delay and difficulty in ascertaining them. When this action was brought, and until after the entry of judgment, defendant was south, absent on business. On learning of the default, he had to move hastily, and it ought not, under all the circumstances, to be expected or required of him that he go into the details as to the manner and extent of plaintiff's damages, and to make an answer or an affidavit quite as circumstantial and specific as in an ordinary case. In view of the peculiarly exceptional features presented, we are of the opinion that the court below erred in refusing all relief to defendant.

His counsel urges in the appeal from the judgment that under the complaint plaintiff is attempting to recover anticipated profits. The complaint is not open to such an objection. The judgment may stand until superseded by one entered upon another assessment of damages. The default is opened, and the answer may be interposed for the sole purpose of allowing the damages sustained to be reassessed. To this extent the order appealed from is modified.

BUCK, J., absent, sick, took no part herein.

(Opinion published 59 N. W. 297.)