## LESLIE S. HIGH v. SUPREME LODGE OF THE WORLD, LOYAL ORDER OF MOOSE.[1]

February 23, 1940.

No. 32,330.

[1]Reported in 290 N. W. 425.

See 206 Minn. 599, 289 N. W. 519.

*Leslie S. High, pro se.*

*A. A. Toivonen* and *W. F. Dacey,* for respondent.

GALLAGHER, CHIEF JUSTICE.

On defendant's motion, the trial court made an order vacating a default judgment entered in the district court of St. Louis county on January 30, 1939, and permitting defendant to file its answer within 20 days. Plaintiff appeals from that order.

A summons and complaint were served on one Thomas Johnson, District Deputy Supreme Dictator of Minnesota, for defendant corporation, on December 20, 1938. Plaintiff made and filed an affidavit of no answer with the clerk of the district court on January 30, 1939, whereupon that officer, without proof and without an order of court, entered a default judgment against defendant for the sum of $5,256.55, being the full amount claimed in the summons and complaint with interest thereon and costs and disbursements allowed by law.

On January 30, 1939, defendant, appearing specially, served on plaintiff, who appeared in the case *pro se,* a notice of motion to set aside the service of the summons, assigning as grounds therefor that the attempted and pretended service of summons and complaint on Thomas Johnson was null and void for the reason that on the date of such service Johnson was not an officer of defendant upon whom service could legally be made and that he had no authority to accept service of the papers. At

or about the same time, defendant, again appearing specially, served on plaintiff a notice of motion to vacate the judgment, basing that motion on the ground that no service of summons had been made on defendant. Apparently fearing that to press the motion to vacate the judgment would constitute a general appearance in the case, defendant withdrew that motion when the matters involved came on for hearing on February 21, 1939. The trial court made an order setting aside the service of the summons, but, on appeal, that order was reversed. See High v. Supreme Lodge, 206 Minn. 599, 289 N. W. 519.

While the appeal to this court was pending and in connection with certain garnishment proceedings instituted in the court below, it was held that defendant's appearance therein constituted a general appearance. On September 2, 1939, defendant served on plaintiff a second notice of motion to vacate the default judgment and also a notice of motion for an order permitting defendant to serve and file its answer. These motions were heard on September 14, 1939, and on September 28, 1939, the trial court filed its order granting both motions. The present appeal is from that order.

Defendant's motion for the order appealed from was based on the affidavit of A. A. Toivonen and "the complaint and all the files, records and proceedings herein." The affidavit was to the effect that affiant was one of the attorneys for defendant; that after the service of the summons and complaint on December 20, 1938, affiant and plaintiff stipulated that the time to answer or appear specially to set aside the service of summons be extended to include January 28, 1939, which fell on a Saturday; that on that day affiant delivered to the sheriff a notice of motion for an order setting aside the service of the summons; that said notice of motion was to be served on plaintiff that day but the sheriff was unable to make service then and did not serve on plaintiff until the following Monday; that in the meantime plaintiff entered the default judgment; that said judgment was not entered upon an order of the court; that defendant is an Indiana cor-

poration having no situs or office in the state of Minnesota and the officers by whom an affidavit in support of the motion could be made are scattered and not available for that purpose; that affiant is fully conversant with and has personal knowledge of the facts constituting defendant's defense and verily believes that such facts constitute a good and substantial defense on the merits.

Countering this showing, plaintiff filed an affidavit to the effect that certain named officers of defendant lived within 50 miles of Chicago and "can be readily reached for securing of affidavits"; that plaintiff performed extensive services for defendant and that officers of defendant indicated satisfaction with his work. In addition, there is set out an account of plaintiff's difficulties with defendant and of an abortive attempt to settle this claim amicably.

The only question raised by the appellant is whether the trial court exceeded its discretion in granting the motion for an order vacating and setting aside the default judgment and permitting defendant to answer. In a memorandum attached to the vacation order the trial court stated that its action was prompted by two things: First, that the judgment was irregular because the clerk had no right to enter it without an order of court after the submission of proof; and, second, because of mistake on the part of defendant's counsel in permitting the default judgment to be entered.

1.  2 Mason Minn. St. 1927, § 9256, provides:

"On proof being filed that the summons has been duly served, and that no answer or demurrer to the complaint has been received within the time allowed therefor by law, judgment may be had as follows:

"1.  If the action be upon contract for the payment of money only, the clerk shall enter judgment for the amount stated in the summons."

This court in Thomas-Halvorson Lbr. Co. v. McRell, 165 Minn. 460, 206 N. W. 951, held that an action for goods sold and delivered, alleged to be of a stated reasonable value and stipulated and agreed price, is on contract for the recovery of money only

within the statute authorizing the entry of judgment by the clerk on default and that in such an action proof of a cause of action is not necessary. In the later case of Marthaler M. & E. Co. v. Meyers, 173 Minn. 606, 609, 218 N. W. 127, 128, relied upon herein by respondent, the same rule was followed. In that case the court said:

"If in fact the action was, as defendant now claims, for materials furnished and services rendered, it would likewise be one for entry of judgment by default under § 9256(1)."

Assuming, but not deciding, for decision on the point is not necessary in this case, that an ordinary action for service rendered is within the provisions of § 9256(1), we nevertheless are of the opinion that plaintiff by the allegations of his complaint (and that is the document upon which the clerk must rely in entering a default judgment) sets out facts which made it improper for the clerk to enter judgment in the instant case without an order of the court made after submission of proof. On the facts pleaded, a court would not and could not order judgment without proof, and we do not believe that the legislature, by the enactment of § 9256(1), intended to confer upon the clerk greater power in that respect than that possessed by the court. A reading of the complaint clearly shows the existence of controversial facts· requiring proof; in fact, the allegations of the complaint contemplate a defense. They certainly invite one. The complaint raises issues other than that of the value of plaintiff's services. It presents a question as to whether what plaintiff did was done for defendant or for the Duluth lodge or for himself and others similarly situated.

We hold that a cause of action based on a complaint such as the one involved herein is not one wherein a default judgment may be entered by the clerk without an order of the court.

2. But, aside from the irregularity of the judgment, the trial court was within its discretionary rights in vacating the judgment. 2 Mason. Minn. St. 1927, § 9283, provides:

"The court, in its discretion, may likewise permit an answer * * * to be made, * * * after the time limited therefor by this chapter, * * *; or at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; * * *"

It is within the power of the court, as limited by this section, to open a default judgment and allow a party to answer in a proper case. It is a discretionary power which should not, on the one hand, be so extended as to encourage loose practice, or, on the other, be so limited as to make orderly procedure an end in itself rather than a means by which justice is administered. 3 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 5009-5014. As a general rule, it is required that the moving party shall in some manner and in good faith make a showing of facts which, if established, will constitute a good defense. Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 176 N. W. 153; People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338. Yet it is in the very nature of discretionary power that no absolute rules can be laid down for its government. Russell v. Blakeman, 40 Minn. 463, 42 N. W. 391. Where the motion is based on the record as well as the affidavits (as here), both may be examined to determine if there was an abuse of discretion. Zell v. Friend-Crosby & Co. 160 Minn. 181, 199 N. W. 928. The affiant may be an attorney who has personal knowledge of the facts. Dunnell, Minn. Pr. § 2432.

A consideration of the complaint and of the affidavits in support of and in opposition to the motion to vacate and of the entire record before it leads us to the conclusion that the trial court acted not only properly but wisely in vacating the judgment and permitting defendant to interpose an answer.

We are not impressed with plaintiff's claim that defendant's motion was not timely made. The circumstances appearing here were such that it cannot be said as a matter of law that a delay of seven months in moving to vacate was fatal. This court in

Isensec Motors v. Rand, 196 Minn. 267, 264 N. W. 782, held that it was not an abuse of discretion to open a default judgment and give leave to answer when the judgment had been entered for five years.

The order appealed from is affirmed.