# FRANK J. PILNEY v. BERTHA FUNK AND ANOTHER.[1]

May 15, 1942.

Nos. 33,055, 33,084.

*Julius A. Coller, II,* for appellant.

*J. J.* and *J. A. Fahey,* for respondents.

[1]Reported in 3 N. W. (2d) 792.

JULIUS J. OLSON, JUSTICE.

Plaintiff, claiming to be a holder in due course of a promissory note for $300, dated October 8, 1931, due on demand, with interest at six per cent, and bearing on its face only the purported signature of "Mrs. John Funk," brought this action against her and also her son John C. Funk. The complaint alleges that "according to the best information and belief  *  *  *  defendant, John C. Funk, frequently acted as an agent  *  *  *  of his mother," defendant Bertha; that "the note above referred to was signed as above indicated by  *  *  *  John C. Funk in behalf of his mother  *  *  *  and so delivered to the bank by him"; that interest was paid thereon until April 8, 1932. In his prayer for relief plaintiff "demands judgment against the defendant, Bertha Funk," for $300 with interest; *or in case it be shown that the said defendant, John C. Funk, in fact acted without authority from the said defendant, Bertha,  *  *  *  then in that case the plaintiff demands judgment against the defendant, John C. Funk,"* in the same amount with interest and costs. (Italics supplied.)

On September 30, 1937, personal service of the summons and complaint was made by the sheriff upon defendant Bertha, and on the same day upon defendant John, by leaving a true copy at the house of John's usual abode with a person of suitable age and discretion then resident therein. No appearance was made by either defendant. On August 9, 1938, judgment by default was entered by the clerk against both defendants for the full amount of the note with interest and costs. There has been no hearing or proof, by reference or otherwise, nor are there any findings or directions by any court for entry of judgment.

In July 1941, a motion was made by John asking the court to set aside the judgment as against him and for permission to file a proposed answer to the complaint and for other relief. The court made its order setting aside the judgment and granted him the right to "interpose either an answer or a demurrer to the complaint in said action." The reason assigned is that as to him

the complaint did "not [state facts sufficient to] constitute a cause of action."

Shortly thereafter, in August 1941, Bertha also moved for similar relief. In her supporting affidavit she states that she is now "approximately 84 years of age"; that at the time of the service of the summons and complaint upon her she was ill and was then about 80 years of age; that she has had no "experience in court matters," never having "had a lawsuit in her life or appeared in court as a party to any action or as a witness"; that when the papers were served upon her the sheriff informed her that she should see a lawyer within 20 days; that instead of seeing a lawyer she asked her son C. E. Funk "to look after her interest in said matter and to procure the services of a lawyer who would properly protect her rights"; that she went to him because he was a man of "many years' experience as a banker and was familiar with business transactions generally"; that the son promised he would do so, and consequently, in reliance thereon, "she paid no more attention to said matter until the latter part of March 1941, when one Pauley, who was negotiating with her for the purchase of her real estate in Carver informed her" that a judgment had been entered against her; that upon discovering that such judgment had been entered she procured the services of one of her present attorneys; that she has truthfully stated all the facts to him and has been advised that "she has a good, sufficient and meritorious defense to said action on the merits."

Both motions are adequately supported by affidavits of merit, and counsel for both defendants aver that each has a valid defense to the action. As to Bertha, the court permitted the judgment to stand but gave her the right to "file and serve either an answer or demurrer in said action as she sees fit."

Plaintiff appeals from each order, and the only question presented is whether the recited facts justified the court in granting the mentioned relief as to each defendant.

1. By Mason St. 1927, § 9256(1, 2), where defendant defaults and the action is "upon contract for the payment of money only,"

the clerk may enter judgment "for the amount stated in the summons," but "in other actions for the recovery of money only, the court shall ascertain, by a reference or otherwise, the amount to which plaintiff is entitled, and order judgment therefor." Under § 9392, "as against a defendant who does not answer, the relief granted to plaintiff shall not exceed that demanded in the complaint." The latter section has been considered by this court in many cases, citation of which, with the author's comment, is found in 3 Dunnell, Dig. & Supp. § 4996.

In Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 A. S. R. 612, 11 Ann. Cas. 348, an action to determine adverse claims, where defendant made no appearance, the problem presented here was there thoroughly considered, the cases reviewed, and the applicable rule stated, *viz.*: In addition to the court's jurisdiction of the parties and subject matter of the action, "it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question the judgment assumes to determine, or the particular relief which it assumes to grant." There plaintiff in his complaint alleged ownership of the involved premises and prayed that defendant "be adjudged to have no right, title, interest or estate" in the property. In the findings, order for judgment, and judgment it was provided, in addition to what plaintiff prayed for in his complaint and in his prayer for relief, as follows (101 Minn. 170, 112 N. W. 387):

"It is further adjudged and decreed that all the right, title, interest, estate or lien in, to, upon, or against said premises, held, owned, or possessed by said Ellen M. Gillette [defendant], be and it is hereby transferred to and vested in William R. Sache, the plaintiff in this action."

However, the decision there held that "plaintiff is entitled, on default of defendant to answer, to such relief, *and to such relief only,* as he demands in his complaint or such as comes within the scope of its allegations, where the demand for relief is imperfectly framed.

\*　　\*　　\*　　\*　　\*

"A judgment in such an action awarding relief beyond the prayer of the complaint or scope of its allegations, the excessive relief appearing from the face of the record, *is void for want of jurisdiction,* and is open to attack before or after the time of appeal therefrom, even by a person not a party to the action, but who is affected by the judgment in his property rights." (Italics supplied.)

In 3 Dunnell, Dig. & Supp. § 4996, the rule is thus stated:

"On default the relief which may be awarded the plaintiff is strictly limited in nature and degree to the relief specifically demanded in the complaint and it matters not that the allegations and proof would justify different or greater relief." Supporting cases are found under note 70.

2. Here, as we have seen, what plaintiff sought was recovery upon the note as the obligation of Bertha. It was only in the event that the signature was not hers or made without her authority that any liability was sought to be imposed upon John. Obviously, in the absence of proof of any fact upon which John's liability depended, the judgment against him can have no foundation. If a trial had been had and plaintiff had rested after introducing the note, can there be any doubt that the court would have promptly granted John's motion for dismissal of the action on the ground that as to him no cause of action had been established? Yet that is exactly the situation we have here.

Furthermore, if the complaint be construed as an action in the alternative against the two defendants (and such it clearly is), all that can be said for it is that one or the other of the defendants is liable, but plaintiff does not know which one. In that situation, we have held that such a complaint "states no cause of action against either defendant." It is for the plaintiff to set forth in his complaint, "with ordinary directness, facts which constitute a cause of action against each defendant." Casey Pure Milk Co. v. Booth Fisheries Co. 124 Minn. 117, 118, 144 N. W. 450, 51 L.R.A.(N.S.) 640; 5 Dunnell, Dig. & Supp. § 7515.

There can be no doubt that as to defendant John C. Funk the order of the trial court should be sustained.

3. As to Bertha a more difficult problem is presented. The complaint, aided by the prayer for relief, may be sufficient to state a cause of action as to her. So, granting that it does, we are required to determine whether her showing is sufficient under § 9283, which gives the court discretionary power, "at any time within one year after notice thereof," to "relieve a party from any judgment \* \* \* taken against him through his mistake, inadvertence, surprise, or excusable neglect." We have here an old lady, inexperienced in business transactions and wholly ignorant of anything pertaining to legal affairs. We think it was but natural and proper that she would turn to her banker son for guidance. Having placed implicit reliance in him and in the belief that he would attend to this matter for her, it is only natural that her mind was at ease thereafter. She knew nothing of any judgment until March 1941, when she employed her present counsel, who proceeded with reasonable diligence—at least the trial court could so find. Inasmuch as plaintiff is protected insofar as his lien is concerned in the event that Bertha fails to establish her defense, we can see no harm in giving her the opportunity to make such showing. In her affidavit she states that when these papers were served upon her "she knew that she had never" signed the note referred to in the action and "that she was not indebted \* \* \* in any sum" represented thereby.

The very nature of the exercise of discretionary power in cases of this kind is such as to prevent any absolute rule being laid down. But the purpose of the statute and our decisions is to afford relief to those who are ignorant or inexperienced in business and legal affairs. *Cf.* High v. Supreme Lodge, 207 Minn. 228, 233, 290 N. W. 425. And, as there pointed out (207 Minn. 234, 290 N. W. 427), in Isensee Motors v. Rand, 196 Minn. 267, 264 N. W. 782, it was held that "it was not an abuse of discretion to open a default judgment and give leave to answer when the judgment had been entered for five years."

Of course, it is a well settled rule that to justify the court in granting such a motion "it must affirmatively appear that the application was made with reasonable diligence." This is necessarily so, because a defaulting defendant "cannot play fast and loose" in such circumstances. In other words, "he cannot acquiesce in the judgment and then later expect to be relieved from it." National Council v. Canter, 132 Minn. 354, 355, 157 N. W. 586.

Testing the facts which we have recited by the rules hereinbefore stated, we cannot say, as a matter of law, that the court abused sound judicial discretion by permitting defendant Bertha to answer. While the case is on the border line, we think the order is sustainable, and it is sustained.

Each order is affirmed.