## STANDARD OIL COMPANY v. GEORGE J. KING.[1]

November 14, 1952.

No. 35,817.

*Arthur R. Smythe* and *Smythe & Lindquist,* for appellant.

*Runar C. Erickson,* for respondent.

CHRISTIANSON, JUSTICE.

Plaintiff appeals from an order of the municipal court of Duluth which vacated a default judgment in plaintiff's favor for $77.35 and permitted defendant to answer the complaint.

The summons and complaint were served on defendant on October 31, 1951. The default judgment was entered on February 13, 1952, and defendant was served with a copy of the judgment the following day. Thereafter he retained an attorney and on February 20, 1952, moved to vacate the default judgment.[2]

---

[1] Reported in 55 N. W. (2d) 710.

[2] L. 1923, c. 238, § 20, as amended by L. 1929, c. 241, § 1, which governs the practice and procedure in the municipal court of the city of Duluth, insofar as here material provides:

"Seventh. Defaults may be opened and judgments and orders set aside

In his affidavit in support of his motion, defendant states that on receipt of the summons and complaint he informed plaintiff's attorney by telephone and letter that he had a receipt signed by one of plaintiff's agents showing that his account with plaintiff was paid in full. He also states that he heard nothing further with reference to plaintiff's claim until he was served with a copy of the default judgment; that, since he was of the opinion that he owed plaintiff nothing, he could not see how he could become liable to plaintiff "no matter what papers the plaintiff used"; and that he has a good defense on the merits to plaintiff's claim. Likewise, defendant's attorney by affidavit states that he is of the opinion that defendant has a good and valid defense to this claim on the merits. Defendant's proposed answer, which is verified by defendant personally, affirmatively alleges settlement and compromise of plaintiff's claim prior to the commencement of this action.

In an answering affidavit, plaintiff's attorney acknowledges that he received the telephone call and letter from defendant referred to in defendant's affidavit. Plaintiff's attorney in his affidavit states among other things that defendant's letter was in response to an initial letter from him, and that after receiving defendant's letter he addressed a second letter to defendant informing him that, unless he interposed an answer to the complaint within the next few days, default judgment would be taken against him.

The opening of a default judgment lies almost wholly in the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. This is particularly true when the determination of the trial court is made on conflicting affidavits. 3 Dunnell, Dig. & Supp. § 5035, and cases cited in notes 63 and 64.

As recently stated by this court in Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 30, 53 N. W. (2d) 454, 455:

"In the exercise of a sound judicial discretion, under § 544.32, it is the duty of the trial court, *in furthering justice by adopting a*

or modified, for good cause shown, within thirty (30) days after the part [party] affected thereby shall have notice or knowledge of the same."

*liberal policy conducive to the trial of causes on their merits,* to grant a motion to open a default judgment and permit a party to answer, if the party in default shows that he (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party."

Plaintiff does not contend that defendant's showing as to the matters referred to in (a), (c), and (d) above was inadequate but it does maintain that the excuse defendant offered for failing to have answered in time is unreasonable and untrue.

We agree that, if defendant in fact received the second letter from plaintiff's attorney, his excuse for not having answered plaintiff's complaint would be unreasonable. However, the affidavits are in conflict as to this fact. Defendant in his affidavit affirmatively states that after submitting his letter to plaintiff's attorney he heard nothing further with reference to plaintiff's claim until he was served with a copy of the default judgment.

Although the question presented is a close one, assuming as we must from the record before us that defendant did not receive the second letter from plaintiff's attorney, we cannot say that defendant did not have any reasonable excuse for his failure to answer plaintiff's complaint. It was for the trial court to determine whether the excuse defendant offered for not having answered in time was true and was a reasonable excuse. Finding it so, there was no abuse of judicial discretion in permitting the answer to be interposed and the issues raised thereby tried. It follows that the order of the trial court should be affirmed.

Affirmed.