CHESTER SOMMERS v. EZELL THOMAS.

88 N. W. (2d) 191.

February 21, 1958—No. 37,303.

*Samuel Saliterman* and *Michael Robins,* for appellant.
*Mayer Shapiro* and *William W. Fink,* for respondent.

DELL, CHIEF JUSTICE.

This is an appeal from an order of the municipal court of St. Paul denying defendant's motion to set aside a default judgment in favor of plaintiff and to dismiss the action without prejudice or in the alternative to vacate the judgment and allow defendant to interpose an answer and proceed with the trial.

Plaintiff was defendant's tenant. When he fell behind in his rent payments defendant commenced an unlawful detainer action against him in June 1955 in justice court. Plaintiff made a personal appearance and both he and defendant entered into a stipulation whereby plaintiff agreed to pay the rent in installments starting June 24, 1955, and if said installments were not paid, to have judgment for possession of the premises entered for defendant at once. Upon plaintiff's failure to comply with the terms of the stipulation, defendant secured a judgment and writ of restitution from the justice court in July 1955. The writ was delivered to a constable who, in order to restore the premises to defendant, removed and stored some of plaintiff's personal property.

In November 1955 plaintiff commenced this action against defendant in the municipal court for conversion of his personal property, asking as damages $1,000, which he alleged was the reasonable value of the property. Whether or not service of process on defendant had been

effected was in dispute. Plaintiff's attorney claimed he had personally served the defendant although the latter denied it. In any event, defendant failed to appear and a default judgment was entered against him in January 1956 by the clerk of municipal court. Plaintiff's attorney claims he wrote to defendant within a week after judgment was entered advising him of that fact and asking what defendant intended to do about satisfying the judgment. Thirteen months were allowed to elapse before any further action was taken by plaintiff. While defendant does not specifically disclaim receipt of plaintiff's letter (nothing being said about it in defendant's affidavit), he does claim that he first became aware of the proceedings when his wages were garnished at the St. Paul Union Depot Company on February 13, 1957. He immediately contacted his attorney who sought relief from the court on March 7, 1957. A hearing was held on April 23 and on May 3 defendant's motion was denied. This appeal followed.

Two major problems are presented for our consideration. The first deals with the propriety of the entry of the default judgment by the clerk of the municipal court. The second involves the validity of the municipal court's denial of defendant's motion.

■ The entry of default judgments in municipal court is governed by Rule 55.01 of the Municipal Court Rules of Civil Procedure. It provides in part as follows:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time allowed therefor by these rules or by statute, and that fact is made to appear by affidavit, judgment by default shall be entered against him as follows:

"(1) When the plaintiff's claim against a defendant is upon a contract for the payment of money only, the clerk, upon request of the plaintiff and upon affidavit of the amount due, which may not exceed the amount demanded in the complaint, shall enter judgment for the amount due and costs against the defendant.

"(2) In all other cases, the party entitled to a judgment by default shall apply to the court therefor. * * * If the action be one for the recovery of money only, the court shall ascertain the amount to which the plaintiff is entitled, and order judgment therefor."

In the clearest possible terms the clerk of municipal court is restricted to entering judgments by default to cases involving contracts for the payment of money and to those cases only. The same limitation applies to clerks of district courts.[1] It has had a long-standing statutory history in Minnesota prior to the promulgation of the present rules and in one form or another antedates the state's entry into the Union.[2] As early as 1865 this court held that a clerk who had entered a default judgment on four causes of action—three in contract and one in tort, consolidated in a single case—had acted improperly because the statute conferred no authority upon him to do so in so far as the tort action was concerned.[3] We have not departed from this holding.

Entry of judgment is within the purview of judicial action. In the final analysis it is for the judge to determine what relief shall be allowed in a given case, and merely because the rule permits the clerk of court to enter judgments in certain instances, the judicial nature of the function is not thereby altered. Therefore we are cautious not to construe the rules as delegating more powers to the clerk than the wording discloses their authors intended. Unlike judges, there is no requirement that clerks of court be learned in the law, and we find no indication here that it was meant to invest them with wider powers in the entry of default judgments than the clear language of Rule 55.01 provides.

The specific authorization here pertains to contracts for the payment of money only. These are the cases where a definite contractual sum is involved and no discretionary determination of the amount due need be made. For this reason we have upheld entries of default judgments by clerks of court in actions for goods sold and delivered[4] and in actions to recover the balance due on accounts[5] because they fell within the area in which the legislature authorized the clerks to act.

---

[1]Rule 55 of Rules of Civil Procedure.

[2]See the statutes cited in connection with M. S. A. 544.07 at 33 M. S. A. p. 167.

[3]Reynolds v. La Crosse & Minnesota Packet Co. 10 Minn. 144 (178).

[4]Marthaler Machine & Engineering Co. v. Meyers, 173 Minn. 606, 218 N. W. 127.

[5]Thomas-Halvorson Lbr. Co. v. McRell, 165 Minn. 460, 206 N. W. 951; Heinrich v. Englund, 34 Minn. 395, 26 N. W. 122.

In cases of this kind the exact amount of money owing to the plaintiffs was ascertainable without any resort to a trial. Such is not the case here. The complaint on its face is not in contract but in tort; the wrong alleged is a conversion. The prayer for relief asked for $1,000 which was supposedly the reasonable value of the property. Curiously enough this was the monetary jurisdictional limit of the St. Paul municipal court at that time.[6] No exact amount was ever stated regarding original purchase price, replacement cost, or any other standard by which the extent of plaintiff's loss might have been measured. There is no reason for terming this a contract action.

Plaintiff's contention that he waived the tort and sued in assumpsit is untenable. A tort may be waived and a suit in assumpsit maintained only when the tortfeasor has been unjustly enriched by his tort.[7] Defendant merely had plaintiff's belongings removed from the property. He did not use them; he did not sell them; he received no benefit other than the restoration of his premises; he was not enriched at all.

The instant case is much like High v. Supreme Lodge, 207 Minn. 228, 290 N. W. 425. There, an attorney sued for a $5,000 fee, claiming that this was the reasonable value of his legal services. A default judgment was entered by the clerk of the district court. In holding that it was proper to vacate that judgment we said (207 Minn. 232, 290 N. W. 426):

"* * * On the facts pleaded, a court would not and could not order judgment without proof, and we do not believe that the legislature * * * intended to confer upon the clerk greater power in that respect than that possessed by the court."

The complaint herein asks for the reasonable value of property which was allegedly converted. Issues relating both to the conversion itself and to the amount of damages required proof before the trial court.[8] We have no trouble in reaching the conclusion that the judg-

[6]L. 1949, c. 548, § 1.

[7]Corbin, *Waiver of Tort and Suit in Assumpsit*, 19 Yale L. J. 221, 226.

[8]Cf. Anderson v. United States (1 Cir.) 182 F. (2d) 296. And see, Ace Grain Co. v. American Eagle Fire Ins. Co. (S. D. N. Y.) 11 F. R. D. 364; United States v. Miller (M. D. Pa.) 9 F. R. D. 506.

ment in this case was improperly entered by the clerk.

The improper entry of a default judgment, however, does not render the judgment void.[9] A court, upon receiving proof of a plaintiff's claim, might arrive at the same result and subsequently make an identical award as the clerk. But the possibility of such an outcome does not eliminate the requirement that a hearing be held in cases of this kind. No such hearing has been held by the court in this matter. It did no more than rule on defendant's motion and this cannot be said to be an adjudication on the merits, especially when that ruling is unaccompanied by a memorandum.

■ One question remains and that is whether defendant is precluded from any relief because almost 14 months elapsed between the date judgment was entered and the date when his motion was served. Relief from a final judgment is governed by Rule 60 of the Municipal Court Rules of Civil Procedure. Rule 60.02 provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

Plaintiff contends that if Rule 60.02 is relevant in the instant case then clause (1) applies and, since defendant failed to apply to the court within one year after the judgment was entered, the municipal court had no choice but to deny defendant's motion. Defendant's position is that clause (6) is applicable; that the reasonable time within which defendant was required to act was therefore not subject to the one-year limitation; that defendant did in fact act within a reasonable time; and that he was thus entitled to a favorable ruling on his motion.

Clause (6) is couched in very broad terms. It gives to the court the power to relieve a party of a final judgment in the exercise of its sound discretion, subject only to two limitations: (1) The motion for

---

[9]Slater v. Olson, 83 Minn. 35, 85 N. W. 825.

relief must be made within a reasonable time and (2) relief may not be had under clause (6) when the grounds for granting it fall properly under clauses (1), (2), or (3), to which the one-year limitation applies.[10] However, it must be recognized that a review of all the facts in a given case might reveal some reasons which would justify relief under clause (1) and others which would justify relief under clause (6). Thus relief under the latter would be available if it were sought within a reasonable time although it would be precluded under the former if the year had already elapsed. What constitutes a reasonable time varies from case to case and must be determined in each instance from the facts before the court[11] because "[t]he very nature of the exercise of discretionary power in cases of this kind is such as to prevent any absolute rule being laid down."[12]

When the motion to vacate was presented to the municipal court in the instant case, several facts were before it for its consideration. The court was aware of the judgment by default which had been entered by the clerk. The complaint itself indicated both that it was in tort and that the relief sought was the very limit for which a judgment could be entered in the municipal court of St. Paul at that time. The defendant maintained that he had never been served in the action in which the default judgment was entered and it also appears that he had never been notified by the clerk of the entry of the default judgment against him as the rules require.[13] Moreover, while defendant

---

[10]Cf. Federal Deposit Ins. Corp. v. Alker (3 Cir.) 234 F. (2d) 113, 116; United States v. Karahalias (2 Cir.) 205 F. (2d) 331, 334, 335.

[11]Extended delays did not prevent the court from granting relief by opening default judgments and giving parties leave to answer in the following Minnesota cases: Pilney v. Funk, 212 Minn. 398, 3 N. W. (2d) 792 (3 years); Isensee Motors v. Rand, 196 Minn. 267, 264 N. W. 782 (5 years); Foster v. Coughran, 113 Minn. 433, 129 N. W. 853 (15 months); McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338 (7½ years); Welch v. Marks, 39 Minn. 481, 40 N. W. 611 (almost 3 years). And see, United States v. Williams (W. D. Ark.) 109 F. Supp. 456 (3 years); Fleming v. Mante (N. D. Ohio) 10 F. R. D. 391 (3 years); United States v. Miller (M. D. Pa.) 9 F. R. D. 506.

[12]Pilney v. Funk, 212 Minn. 398, 403, 3 N. W. (2d) 792, 795.

[13]Rule 77.04 of Municipal Court Rules of Civil Procedure.

did not specifically deny receipt of the letter from plaintiff's attorney, neither did he admit receiving it. No inference can reasonably be drawn from his silence. No action was taken to garnish defendant's wages until more than one year had elapsed since the judgment was entered. Plaintiff's heavy reliance on Rule 60.02(1) tends to indicate a deliberate design to allow the year to pass before commencing the garnishment proceedings in order to use the one-year limitation to his advantage. Finally, defendant's proposed answer contained a meritorious defense which, if proved in court, would have entitled him to a judgment in his favor.[14] Upon all of these facts it is clear that a strong inference of irregularity concerning the entire proceeding could properly have been drawn. This is precisely the type of case in which clause (6) was designed to operate, the case where "any other reason justifying relief" was before the court for proper consideration.

 It must be remembered that the goal of all litigation is to bring about judgments after trials on the merits and for this reason courts should be liberal in opening default judgments.[15] It is now well settled that where a proposed answer discloses a good defense upon the merits and a reasonable excuse for delay occasioning a default is shown, the default should be opened and the case brought to trial,[16]

---

[14]Standard Oil Co. v. King, 238 Minn. 81, 83, 55 N. W. (2d) 710, 712; Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 30, 53 N. W. (2d) 454, 456. And see Jones v. Swain, 57 Minn. 251, 59 N. W. 297, where a proposed answer containing a general denial was held to raise an issue respecting the amount of damages even though certain allegations in the answer were not only insufficient to constitute a defense but appeared to be false and a sham.

[15]See, 10 Dunnell, Dig. (3 ed.) § 5013, and cases cited therein. And see, Alopari v. O'Leary (E. D. Pa.) 154 F. Supp. 78; Huntington Cab Co. v. American Fidelity & Cas. Co. (S. D. W. Va.) 4 F. R. D. 496, 498; Standard Grate Bar Co. v. Defense Plant Corp. (M. D. Pa.) 3 F. R. D. 371, 372.

[16]Standard Oil Co. v. King, 238 Minn. 81, 83, 55 N. W. (2d) 710, 712; Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 30, 53 N. W. (2d) 454, 456; Barrie v. Northern Assur. Co. 99 Minn. 272, 273, 109 N. W. 248, 249.

especially if no rights have intervened to prejudice a party.[17] Conceding that the matter of opening a default lies almost wholly within the sound discretion of the trial court and that its action will not be reversed on appeal except for a clear abuse of discretion,[18] it is equally clear that if the trial court has acted under a misapprehension of the law so that justice is denied its action will be reversed on appeal.[19]

It may be that the trial court was of the opinion that only Rule 60.02(1) applied and if so, such error requires a reversal. Since no reason was assigned for the order, on the record now before us, we are unable to understand why the relief was refused. In view of our conclusion that defendant was entitled to a judicial determination both as to the issue of conversion and as to the amount of damages, and since defendant's motion was not barred by Rule 60.02, the default should be vacated and defendant allowed to interpose his answer so that the action may be heard and determined on its merits.

Reversed.

---

[17]See footnote 16, *supra*. And see, In re Cremidas' Estate (D. Alaska) 14 F. R. D. 15.

[18]Peterson v. W. Davis & Sons, 216 Minn. 60, 67, 11 N. W. (2d) 800, 804. And see, 10 Dunnell, Dig. (3 ed.) § 5035, and cases cited therein.

[19]National Council v. Canter, 132 Minn. 354, 157 N. W. 586; Baxter v. Chute, 50 Minn. 164, 52 N. W. 379. Cf. First Trust & Sav. Bank v. United States F. & G. Co. 156 Minn. 231, 194 N. W. 376; Potter v. Holmes, 74 Minn. 508, 77 N. W. 416; Jones v. Swain, 57 Minn. 251, 59 N. W. 297.