**Kelly Ruth LEMKAU, Appellant,**

v.

**Forest FOUT, Respondent.**

**No. CX-85-2101.**

Court of Appeals of Minnesota.

April 29, 1986.

Robert F. Manella, Anoka, for appellant.

R. Gregory Stephens, Robert E. Salmon, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Kelly Lemkau appeals the denial of her motion to vacate a conciliation court judgment she obtained against respondent Forest Fout. We affirm.

## FACTS

Appellant and respondent were involved in an automobile accident on January 8, 1983. Appellant received emergency treatment, and was diagnosed as having myofascial strain of the neck and left shoulder.

Appellant was next treated in October 1983. Her diagnosis was chronic myofascial strain of the neck. She was advised that she would need physical therapy and was given a muscle relaxant. It is not

clear whether there was any follow up treatment.

Appellant successfully pursued a claim against respondent in conciliation court for damage to her car as a result of the accident. She obtained a judgment dated December 20, 1983, for $361, which has been satisfied.

It appears that appellant began seeing a chiropractor in early December of 1984. The chiropractor diagnosed her injury as cervical and lumbar strain. The chiropractor treated her eight times and gave her home treatment recommendations to control the discomfort.

On December 20, 1984, appellant sued respondent in district court for personal injuries arising out of the January 1983 accident. Respondent moved to amend his answer to include the affirmative defense of res judicata, and an amended answer was filed in May 1985. To avoid the res judicata defense, appellant moved to have the conciliation court judgment vacated. The trial court denied the motion.

## ISSUE

Did the trial court err in refusing to vacate the conciliation court judgment entered over one year before the motion to vacate?

## ANALYSIS

Minn.R.Civ.P. 60.02 delineates the circumstances under which a court may vacate a judgment. The rule provides:

> On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made in a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment * * * was entered * * *.

Minn.R.Civ.P. 60.02.

Appellant did not move to vacate the conciliation court judgment until well after one year had passed. Thus, clause (1) does not apply. Appellant argues that because of the unusual circumstances in this case, clause (6) should operate in her favor.

The Minnesota Supreme Court noted the expansive nature of clause (6) in *Sommers v. Thomas*, 251 Minn. 461, 88 N.W.2d 191 (1958). *Sommers* notes that the clause gives courts:

> the power to relieve a party of a final judgment in the exercise of its sound discretion, subject only to two limitations: (1) The motion for relief must be made within a reasonable time and (2) relief may not be had under clause (6) when the grounds for granting it fall properly under clauses (1), (2), or (3), to which the one-year limitation applies.

251 Minn. at 466–67, 88 N.W.2d at 195. *See also Anderson v. Anderson*, 288 Minn. 514, 518, 179 N.W.2d 718, 722 (1970) (clause (6) is residual and is exclusive of clauses (1) through (5)).

Appellant relies on *Simons v. Schiek's*, 275 Minn. 132, 145 N.W.2d 548 (1966). In *Simons*, an injured plaintiff settled his claim and judgment was entered based upon the settlement. Up until the time of settlement, the plaintiff experienced pain only in his shoulder and the settlement terms were reached on the assumption that this was his only injury. Over a year after entry of judgment, plaintiff began to experience problems with his hip. He was diagnosed as having avascular necrosis of the hip and underwent extensive treatment of the condition.

The supreme court affirmed the trial court's order vacating the original judgment. The court noted that it was impossible for the plaintiff to comply with the one-year time period because he was unaware of the hip injury until after the period had expired. The court deemed the impossibility of compliance with clause (1) sufficient to bring the case within clause (6). *Id.* at 138, 145 N.W.2d at 552. Thus, although the case involved a mistake, and therefore properly fell within clause (1), the

additional fact of impossibility of compliance with clause (1) made relief under clause (6) appropriate.

In *Mattsen v. Packman*, 358 N.W.2d 48 (Minn.1984), the supreme court indicated that the failure of a personal injury claim to exceed the no-fault threshold, Minn.Stat. § 65B.51 (1982), until sometime subsequent to entry of a conciliation court judgment might justify relief from operation of the judgment pursuant to Minn.R.Civ.P. 60.-02(6) when a motion to vacate that judgment was made. The trial court's decision of whether to vacate a judgment will not be overturned absent abuse of discretion. *See Hammer v. Soderberg*, 358 N.W.2d 53 (Minn.1984).

Here, appellant's district court action was commenced one year to the day from entry of the conciliation court judgment. It is therefore apparent that she was represented by counsel and that her no-fault threshold was reached prior to expiration of the year. The motion to vacate was not made until after May 1985. Since she could have moved to vacate the conciliation court judgment within one year, the trial court did not abuse its discretion in denying the motion.

Appellant also argues that Minnesota law did not clearly state that a conciliation court judgment bars a subsequent district court action arising out of the same incident until the supreme court decided *Mattsen v. Packman* on November 16, 1984. Appellant had over one month between *Mattsen* and expiration of the one-year limitation period to bring the appropriate motion.

### DECISION

Appellant did not present sufficiently compelling circumstances to warrant relief under Rule 60.02(6). Therefore, the trial court did not err in denying her motion to vacate the conciliation court judgment.

Affirmed.