David GROVER, Appellant,

v.

Charles RILEA, Respondent.

No. C8–85–2050.

Court of Appeals of Minnesota.

June 10, 1986.

Harry L. Newby, Cloquet, for appellant.

William A. Crandall, III, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellant, David Grover, sued respondent, Charles Rilea, in conciliation court for injuries sustained in a motorcycle accident. Rilea contested the action, and judgment for Grover for $865.10 was entered on January 6, 1982. In 1985 the conciliation court denied appellant's motion for vacation of the judgment. Appellant then demanded limited removal to county court and moved the county court to vacate the judgment. The county court denied the motion. This appeal followed. We reverse.

## FACTS

Appellant claims that he did not discover that he had permanent injuries arising from the accident until March, 1983, when his chiropractor told him that he had 5% permanent partial disability due to spinal cord injury. Appellant claims that he then consulted with an attorney for the first time. The attorney consulted with respondent's insurer, and then appellant communicated with the insurer on his own until his attempt to vacate the judgment in 1985. In February, 1985, the insurer arranged for an adverse medical examination which confirmed the 5% permanent partial disability.

## ISSUE

Did the trial court err in not vacating the conciliation court judgment?

## ANALYSIS

The trial court denied appellant's motion to vacate, holding that appellant's claims were in the nature of mistake or newly discovered evidence within the meaning of clauses (1) or (2) of Minn.R.Civ.P. 60.02 governing relief from final judgments, and, thus, barred by the one-year limit on such claims.[1] Appellant argues that relief is available under clause (6) of the rule, which permits vacation of a judgment for "any other reason justifying relief from the operation of the judgment." A clause (6) motion need only be made within a reasonable time. Minn.R.Civ.P. 60.02. Because the trial court applied an erroneous rule of law to this case, we reverse.

*Sommers v. Thomas,* 251 Minn. 461, 88 N.W.2d 191 (1958), cited by the trial court, does state that "relief may not be had under clause (6) when the grounds for granting it fall properly under clauses (1), (2), or (3), to which the one-year limitation applies." *See also Anderson v. Anderson,* 288 Minn. 514, 518, 179 N.W.2d 718, 722 (1970) ("Rule 60.02(6) is a residual clause to cover any unforeseen contingency and it is exclusive of clauses (1) through (5).").

1. CONCLUSIONS OF LAW

1. That this matter is controlled by Rules of Civil Procedure 60.02(1) and (2) and as such, such motions to vacate must be brought within one year of entry of judgment. Thus Plaintiff's motion to vacate is hereby denied.
2. The attached Memorandum is hereby incorporated.

MEMORANDUM

Plaintiff initially brought this matter specifically reciting Rule 60.02(1), (2), (3). At argument the Plaintiff * * * argued that 60.02(6) should give the Plaintiff relief. However, relief may not be granted under clause (6) of Rule 60.02 if the grounds therefore properly fall within clauses (1), (2) or (3) of the Rule. (*Sommers v. Thomas,* 251 Minn. 461, 88 N.W.2d 191 (1958)). * * *

However, in *Simons v. Schiek's, Inc.*, 275 Minn. 132, 138, 145 N.W.2d 548, 552 (1966), the supreme court created a narrow exception to the general rule:

> It seems reasonable to us that clause (6) was included under Rule 60.02 to permit the court to grant some justifiable relief under certain circumstances, even though the appeal time had expired under clause (1). The question then arises: Were the facts and circumstances in this case sufficient to permit the relief granted here?

The *Simons* court affirmed vacation of a judgment based on a stipulated settlement. The plaintiff had experienced no hip pain by the time of the settlement, but later, after the settlement, experienced hip pain and required an operation.

This court harmonized *Simons* with the general rule:

> Generally, relief may not be granted under clause (6) of Rule 60.02 if the grounds therefor properly fall within clauses (1), (2), or (3) of the rule. *Sommers v. Thomas*, 251 Minn. 461, 88 N.W.2d 191 (1958). * * * The *Sommers* rationale was first expanded in this jurisdiction in the case of *Simons* * * *. In *Simons*, the supreme court ruled that the obvious impossibility of the movant's compliance with the one-year requirement of clause (1) was sufficient to bring that case under clause (6). * * * A review of *Simons* and *Lindsey* [*v. Lindsey*, 369 N.W.2d 26 (Minn.Ct.App.1985)] compels us to conclude that such allowance must be limited to the extraordinary circumstances.

*Carlson v. Carlson*, 371 N.W.2d 591, 595 (Minn.Ct.App.1985). We remand for consideration of the issue of whether or not circumstances justify appellant's requested relief even though the normal one-year appeal time expired. *Simons*, 275 Minn. 132, 145 N.W.2d 548 (1966). This remand is not intended as a reflection on the merits of the case before the trial court, but simply as necessary for a determination by the trial court on the issue set out in this opinion. The trial court correctly stated

the general rule of law, but did not consider the exception enunciated in *Simons*, which has not been overruled by the supreme court.

## DECISION

The trial court erred in not considering whether the rule of *Simons* applies to the specific facts of this case.

Reversed and remanded.